ANNA GELLER, executrix of the estate of Barnett Geller, deceased, and MARK EPMAN, surviving partner of the firm formerly known as the Ellmar Company, a co-partnership consisting of Barnett Geller and Mark Epman, complainants,

*v.*

WILLIAM K. JOHNSEN and MARTHA V. JOHNSEN, his wife, et al., defendants.

[Decided March 6th, 1924.]

Where a man and his wife were tenants by the entirety to land, and conveyed the lands to one who advanced the husband money, and who afterwards conveyed the lands to the wife, the conveyance on the part of the husband, even if he was or was about to be insolvent, is at most a preference of one of his creditors, and in the absence of fraud participated in by the grantee of the deed, is good.

On bill, &c.

*Mr. William Harris,* for the complainants.

*Mr. George W. C. McCarter,* for the defendants.

CHURCH, V. C.

The complainants in this case are judgment creditors of the defendant William K. Johnsen. Their prayer is to set aside as fraudulent conveyances made in 1922 of certain premises in the city of Newark. The premises were conveyed on January 7th, 1920, to William Johnsen and Martha Johnsen, his wife. They, therefore, were tenants by the entirety. On February 17th, 1920, the Johnsens conveyed the premises to Ludwig Urban, and by another conveyance Ludwig Urban and his wife conveyed back an undivided one-half to Martha Johnsen. This places the complete title in Martha Johnsen, and the only question is as to whether the complainants should have the deed set aside in so far as it affects the interest of William Johnsen.

It appears by the testimony that some time in 1921 William Johnsen needed money, and his father-in-law agreed to let him have some money in exchange for Johnsen's interest in these premises. On that day a thousand dollars was advanced. On February 6th, 1922, an additional one thousand dollars was advanced. This statement is abundantly corroborated in the testimony and is uncontradicted.

. I am not impressed with the fact that the consideration in the deed is one dollar and other good and valuable considerations, and that there was no revenue stamps. The deeds are in regular form and, unless the contrary is shown, consideration is presumed. *Brown* v. *Murray, 94 N. J. Eq. 125.*

The bill charges that all of the defendants conspired to defraud the complainants who were William Johnsen's creditors, and alleges that Martha Johnsen knew of a recorded judgment in New York. This is denied in the answers, and there is no evidence in support of these allegations. It may be said that these conveyances were made pending an action in New Jersey and before judgment, but it also appears that Johnsen filed an answer to the complaint in the Essex

county circuit court, setting up a counter-claim, which the court refused to strike out, but owing to the death of a material witness the counter-claim could not be proved.

The question therefore is whether, assuming that William Johnsen felt that he was or was about to be insolvent, could he prefer one of his creditors? It is sufficient to cite the case of *Atlantic Refining Co. v. Stokes, 77 N. J. Eq. 119,* which holds in effect that an individual who is in failing circumstances can prefer one of his creditors. The limitation of this right is that it must be shown that the grantee participated in the fraud of the grantor. There is nothing in the case to show that Urban had any knowledge of the failing circumstances of his son-in-law and, therefore, I do not see how these conveyances can be set aside.

I shall therefore advise a decree in favor of the defendants.