FOUNTAIN TRUST COMPANY, RECEIVER *v.* RINKER.

[No. 14,508. Filed October 27, 1932. Rehearing denied February 2, 1933. Transfer denied February 16, 1934.]

*Courtney W. Dice, Richard L. Ewbank, W. Oliver Marks*, and *Wilbur W. Hottel*, for appellants.

*Emmet C. Mitchell*, for appellee.

KIME, P. J.—This was a suit brought by appellee against appellants to quiet title to certain real estate in Washington County, Indiana. The complaint was in three paragraphs, the first of which alleged title in the appellee, and that the appellants claimed an interest therein adverse to appellee, and a prayer that the title be quieted. The second paragraph alleged title in the appellee and that the appellants claimed some interest by virtue of a proceeding in attachment and garnishment against Charles E. DeHaven and Claude Green, remote grantees of appellees, alleging that they (the appellants) claimed to hold a certificate of sale issued by the sheriff of Washington County on an execution issued in said attachment proceeding. That said attachment proceeding and the certificate of sale issued thereunder were invalid, created no interest in the real estate in any of the appellants. This paragraph of complaint goes on to describe the legal proceedings that were taken in the suit whereby appellants claimed some interest in this realty and which will be described in more detail following. The third paragraph is practically a repetition of the second. To these paragraphs of complaint the appellants filed an answer in general denial. Trial was had before the court and upon the appellee's application for special finding of facts and conclusions of law the same was rendered. From that special finding of facts we take the following which we deem necessary in the discussion of this case.

On February 7, 1920, one Charles E. DeHaven, a single man, was the owner of the real estate in question here. On that day he executed to Claude Green a warranty deed to the same realty and on the same day

Claude Green, being joined by his wife, executed to DeHaven 5 notes for $1,000 each, payable yearly on the 1st day of March of each year for the years 1922 to 1926, inclusive. These notes were secured by a mortgage upon the reality in question. On October 13, 1923, the appellant, Citizens Bank of Covington, Indiana, filed a suit against Charles E. DeHaven, George J. DeHaven, and Claude Green on notes in the sum of $2,191.65, executed to said bank by Charles E. DeHaven and George J. DeHaven. At the time of filing of said complaint the plaintiff, Citizens Bank, filed an affidavit for attachment, together with bond and an affidavit for garnishment, and an undertaking in garnishment praying that a writ issue to the sheriff to seize and take into possession any property of Charles E. DeHaven, and it appears that the sheriff attached the indebtedness represented by said mortgage notes. On October 23, 1923, Claude Green appeared and filed an answer to the complaint admitting indebtedness to Charles E. DeHaven on said notes. On November 3, 1923, the Kingman State Bank filed its complaint under said proceeding of the Citizens Bank on notes in the sum of $1,430.92 executed by Charles E. and George J. DeHaven, and also naming Claude Green as the garnishee defendant. On the 21st day of June, 1924, judgment was taken by default against Charles E. DeHaven on the notes sued on in the complaint in the sum of $2,622.25 in favor of the Citizens Bank and $1,689.93 in favor of the Kingman State Bank. The court also found for the plaintiffs in that case on the attachment and garnishment proceedings and decreed that the mortgage be foreclosed and the real estate sold to satisfy the judgments obtained therein on the notes sued on in said original proceedings. The court in the quiet title suit found that the sheriff of Washington County sold the real estate upon the decree in said attachment proceed-

ings on the 19th day of October, 1929, and that a certificate of sale was issued by said sheriff to the Citizens Bank and the Fountain Park State Bank with which the Kingman State Bank had been consolidated. The court further found that Harry P. Thompson was the owner of the notes and mortgages which was attached and ordered foreclosed, and that the mortgage was not assigned of record in the Recorder's office of Washington County to Harry P. Thompson. The court further found that Claude Green and wife by warranty deed conveyed the realty in question here to Harry P. Thompson and that Harry P. Thompson and wife deeded by warranty deed to Lyle Setchell, a single man, and he, by warranty deed deeded to Robert L. Rinker, the appellee here. The court further found, that upon the decree in the attachment proceedings the sheriff sold the real estate of the appellants, Citizens Bank and Fountain Park State Bank, and that a certificate of sale was issued by the sheriff to them. The court further found that at the time of the filing of the complaint of the Citizens Bank that no *lis pendens* notice was filed in the office of the clerk of the Washington Circuit Court, and that none was ever filed in said clerk's office during the pendency of that cause, nor has any ever been filed. The court further found that at the time of the purchase of the real estate by Harry P. Thompson there was no *lis pendens* notice entered, and that he had no knowledge of the pendency of the cause of action, and never had any notice thereof until after the judgment was rendered in that proceeding and that he was never made a party to that proceeding.

This special finding of facts was rendered on the 11th day of April, 1931, and at the request of counsel for appellants conclusions of law thereon were not rendered until the 20th day of June, 1931. The conclusions of law rendered were as follows: ". . . and as conclusions of

law upon the facts, the court states that the law of the case is with the plaintiff and thus his grantor Harry P. Thompson was not chargeable with actual or constructive notice of the attachment proceedings, and that the title of the plaintiff should be quieted to the real estate described in his complaint." Judgment was then rendered adjudging the appellee to be the owner in fee simple of the real estate in question and that the claims of the defendants, the appellants here, and each of them, is without right and unfounded; that the plaintiffs title be quieted and forever set at rest as against those defendants. No motion for a new trial was ever filed and the assignment of error of each of the appellants herein is that: "the trial court erred in each of its conclusions of law in this cause, and that (2) the trial court erred in the statement of each of its conclusions of law in this cause."

The appellants' contention is that the appellee is required to recover on the strength of his own title as found by the court in the special finding of facts, and that the special finding of facts rendered herein is not sufficient to support the conclusions of law, and hence the conclusions of law are erroneous. They also contend that because the special finding of facts fail to disclose that there was any consideration given for any of the various warranty deeds from De-Haven to Rinker, that the appellee is a mere volunteer grantee and as such does not have good title. It does not appear that the appellants ever questioned the lack or failure of consideration of these deeds or any of them at the trial. In the absence of an attack the conclusion must inevitably be that these warranty deeds conveyed good title so far as consideration is concerned. Deeds are supported by a presumption of consideration, and the burden of proof is upon the party seeking to avoid same. *Vanasek* v. *Pokonney* (1925), 73 Cal. App.

312, 238 P. 798; *Geller* v. *Johnsen* (1924), 95 N. J. Eq. 516, 123 Atl. 725.

From the finding of facts it clearly appears that at the time of the filing of the suit by the Citizens Bank against the DeHavens and Green that they filed suit only for $2,191.65 together with the interest accrued thereon to that date. In the absence of a specific showing that the default of one or any one of these notes caused the whole balance to become then due and payable we must conclude that the mortgage given by Green to DeHaven was not due and payable until all of the notes had become due which would have been March 1, 1926. Therefore at the time judgment was rendered in that suit which was June 21, 1924, and since the amount of the judgment rendered to the Citizens Bank was only $2,622.25, that is all that Claude Green could have been liable for as a garnishee defendant. The amount the Kingman or Fountain Park State Bank was given judgment for is $1,689.93. Clearly this could not have been a note that Claude Green gave to Charles E. DeHaven. Therefore, Claude Green as a garnishee defendant was only liable to these banks at that time for the amount that he owed DeHaven. *The court specifically found that the sheriff attached the indebtedness represented by said mortgage notes.* If this was all he attached this is all that he could sell and all that the two banks bought from the above. The conclusion must be that this real estate was seized by writ of attachment. The statute on *lis pendens,* being sections 345, 346, and 347 of Burns Ann. St. 1926 (§§2-814, 2-815, 2-816, Burns 1933, §§95, 96, 101, Baldwin's 1934), Acts 1881, p. 252, as amended, Acts 1889, p. 201, provide when a *lis pendens* notice is required. Section 346 (§2-815, Burns 1933, §96, Baldwin's 1934) which is applicable to this case is as follows: "Whenever any sheriff or coroner of any county in this state shall *seize*

*upon any real estate or interest therein* by virtue of any writ of attachment, or shall levy upon any such real estate or interest therein by virtue of any execution issued to him from any court other than the court of the county in which he is sheriff or coroner—he shall, at the time of making the seizure or levy, file with the clerk of the circuit court of his county a written notice, setting forth the names of the parties of the proceedings upon which the writ of attachment or execution is founded, and a description of the land seized or levied upon; which notice shall be recorded, as provided for in the preceding section of this act; and such sheriff or coroner shall state, in his return to the attachment or execution, that such notice has been filed; and for making and filing which notice he shall be allowed a fee of fifty cents, to be taxed as costs: Provided, That such sheriff or coroner shall not be required to file such notice until the attachment or execution-plaintiff shall have furnished the money to pay the clerk for filing and recording the same."

The case of *First National Bank* v. *Farmers Bank* (1908), 171 Ind. 323, 86 N. E. 417, is ample authority for disposition of the case at bar. It must be borne in mind that this realty was first attached and then later sold on execution. At the time of the attachment the sheriff should have filed the notice provided. This he did not do and the failure is fatal to appellants' claim.

Finding no error, the judgment of the Washington Circuit Court herein is in all things affirmed and it is so ordered.