[Civ. No. 8568. First Appellate District, Division One.—December 23, 1932.]

RASMUS H. ALBERTSON, Appellant, v. NELLIE M. SCHMIDT, Executrix, etc., Respondent.

Frank W. Sawyer for Appellant.

Luther Elkins for Respondent.

GANS, J., *pro tem.* — Appellant brought this action against George Schmidt (now deceased) to have him declared trustee of certain real property theretofore conveyed to him by appellant, to compel a reconveyance of said property to appellant and for an accounting for the rents, issues and profits thereof. The complaint was filed in July, 1918, and twelve years thereafter, in August, 1930, the action was brought to trial on the issues raised by the fourth amended complaint and the answer thereto, Schmidt in the meantime having died and the executrix of his will having been substituted as party defendant. The grounds upon which it was sought to maintain the action were that appellant was mentally incompetent at the time he conveyed the property to Schmidt and that there was no consideration for the conveyance. The trial court found against appellant on both issues, and from the judgment entered in conformity with the findings, this appeal was taken, the sole ground urged for reversal being the insufficiency of the evidence to sustain the trial court's findings.

The facts leading up to the commencement of the action were as follows: In May, 1913, appellant conveyed said property to Schmidt by a grant deed reciting the payment of $10 as consideration. At that time the property was encumbered with a deed of trust to secure the payment of the sum of $3,000. In June, 1913, appellant made a second deed identical in form with the first conveying the property to Schmidt, it being recited therein that the same was given "to correct the errors" in the first deed. Some four months later, to wit, in October, 1913, pursuant to proceedings taken under section 2168 of the Political Code, appellant was adjudged insane by the superior court and committed to a state hospital, where he remained until January, 1914, at which time he was discharged by the medical superintendent as "recovered"; and in March, 1916, he was restored to mental capacity by the decree of court in a proceeding instituted for such purpose. In April, 1915, which was more than a year after his discharge from the

state hospital and about a year prior to the rendition of the court decree restoring him to mental capacity, he made a quitclaim deed of the property to Schmidt; and some time during 1918, and prior to the commencement of the present action (the exact date not appearing in the record), the property was sold at trustee's sale pursuant to proceedings taken under the terms of said trust deed to a purchaser named Spear.

It affirmatively appears without conflict, therefore, that at the time of the commencement of the action in 1918 Schmidt, who was then living, had no interest whatever in the property. Assuming, however, that appellant was entitled to maintain the action against Schmidt, and following his death against his estate, for an accounting of the rents, issues and profits of the property during Schmidt's ownership thereof, the judgment must nevertheless be affirmed because, as will hereinafter appear, the evidence introduced by appellant to establish mental incapacity and want of consideration did no more than to raise a conflict on those issues, in which case, under the well-settled rule, the findings of the trial court are conclusive on appeal.

As stated in California Jurisprudence, every person is presumed to be sane until the contrary is proved; and in civil actions one alleging insanity has the burden of proving it by a preponderance of evidence. (14 Cal. Jur. 362.)

In the present case the only evidence introduced by appellant to overthrow said presumption consisted of the testimony of appellant himself and the so-called judgment-roll in the proceeding which took place four months subsequent to the execution of the second deed, adjudging him insane. It is evident, however, that the testimony given by appellant was of little value because in their brief, counsel for appellant frankly state that some of the answers appellant gave "conclusively establish that he is still hopelessly insane". And since the adjudication of insanity relied on was made some four months after the execution of the second deed, it did not, of itself, of course, establish conclusively or at all that appellant was insane at the time said deeds were executed. Attention is called, however, to certain statements contained in the medical report attached to said adjudication wherein the examining doctors stated in

effect that previous to the date of their examination appellant had suffered three "slight attacks of depression", which occurred in 1894, 1904 and 1911, and that the present attack began in February, 1913, and in its nature was "gradual". But obviously there is nothing in said statements which can be taken as conclusive evidence of the fact that appellant was without mental understanding four months prior to the date of said examination. At best said statements can be considered only as circumstances tending to show mental disorder at the times mentioned. Therefore the question of whether or not the presumption of sanity was overcome was still one of fact for the trial court to determine.

 The same state of the record is shown with respect to the finding upon the issue of consideration. By virtue of subdivision 39 of section 1963 of the Code of Civil Procedure a good and sufficient consideration for the execution of said deeds was presumed; and the only testimony tending to prove otherwise was that given by the appellant which for the reasons above stated at most raised only a conflict on that issue.

In further support of the trial court's judgment respondent urges the point of the insufficiency of the fourth amended complaint; but in view of the conclusions we have reached on the merits of the appeal it is unnecessary to inquire into that phase of the case.

The judgment is affirmed.

Knight, Acting P. J., and Cashin, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 20, 1933.