[Civ. No. 14772. Second Dist., Div. Two. Feb. 7, 1945.]

LULU B. VER BRYCK, an Incompetent Person, etc., Appellant, v. A. MICHAEL LUBY, Respondent.

Will H. Winston for Appellant.

Harry Albert and Walhfred Jacobson for Respondent.

McCOMB, J.—From a judgment in favor of defendant after trial before the court without a jury in an action to cancel a deed, plaintiff appeals.

The evidence being viewed in the light most favorable to the defendant (respondent), and pursuant to the rules set forth in *Estate of Isenberg,* 63 Cal.App.2d 214, 216 [146 P.2d 424], the essential facts are:

On April 9, 1943, plaintiff deeded a parcel of real property in the city of Long Beach to defendant reserving in herself a life estate. The present action was instituted for the purpose of setting aside the deed on the ground that plaintiff was not mentally competent to make a deed on April 9, 1943.

There are four questions presented for our determination which will be stated and answered hereunder seriatim:

First: *Was there substantial evidence to sustain the trial court's finding that plaintiff on April 9, 1943, was mentally competent to make, execute and deliver a deed of real property?*

This question must be answered in the affirmative. The testimony of defendant and attorney Jacobson discloses these facts:

That defendant had known plaintiff since 1932 or 1933 and that following her husband's death he had consulted with her frequently on matters pertaining to her business. In March, 1943, plaintiff asked defendant to serve as executor of her will. Thereafter an appointment was made with attorney Jacobson and in the middle of March, 1943, plaintiff and defendant went to Mr. Jacobson's office where a conversation ensued, plaintiff desiring that defendant remain while she discussed the contents of her will with her attorney. She also stated to Mr. Jacobson that she wanted defendant to have her home. This was the first time defendant had heard of plaintiff's desire to give him her residence. Mr. Jacobson then told plaintiff because of her advanced years he wanted her to talk to someone else before she deeded the home to defendant. Accordingly an appointment was made with Mr. Vaughan of the Title Insurance Company who interviewed plaintiff out of the presence of defendant and later stated that plaintiff had told him that she wanted to give her home to defendant.

On April 9, 1943, plaintiff and defendant returned to Mr. Jacobson's office and Mr. Jacobson told plaintiff that an officer of the Title Insurance Company had telephoned him and said that Title Insurance Company would issue a policy of title insurance if plaintiff deeded her home to defendant and that he had prepared a deed and will accordingly. Mr. Jacobson then asked plaintiff if she still wanted to go ahead, to which she replied, "Yes, I do." Plaintiff then read the deed and inquired what "to have and to hold" meant. Mr. Jacobson explained that plaintiff had a life estate, that it was her property, that when she died defendant would have the full ownership of the property. Plaintiff then said, "All right," and that she wanted to sign the deed. Plaintiff then executed the deed. Mr. Jacobson took her acknowledgment and plaintiff handed the deed to defendant saying, "Here, Mr. Luby. Here is the deed." Defendant handed the deed to Mr. Jacobson with the request that it be mailed to the Title Insurance Company for recordation.

Dr. Victor Parkin testified that in his opinion plaintiff's mind was fundamentally sound on April 9, 1943, and that she had understanding.

The foregoing evidence clearly warranted the trial court in inferring and finding that plaintiff had sufficient mental capacity to make, execute and deliver a deed to her property on April 9, 1943, and that in fact she did deed her property to defendant on such date.

■ Second: *Did the trial court erroneously permit attorney Jacobson to testify as to the conversation which took place between himself and plaintiff in the presence of defendant?*

This question must be answered in the negative and is governed by the established rule in California that where a third party is present at a conversation between an attorney and a client, the privilege is waived and the communications are not confidential and privileged. (*Sharon* v. *Sharon,* 79 Cal. 633, 678 [22 P. 26, 131]; *Mitchell* v. *Towne,* 31 Cal.App.2d 259, 265 [87 P.2d 908].)

Applying the foregoing rule to the facts in the instant case, since defendant was present at plaintiff's request at the conversation between herself and her attorney, the conversation was not privileged and the trial court properly admitted evidence thereof.

■ Third: *Did the trial court erroneously permit Dr. Victor Parkin to testify relative to his opinion as to plaintiff's mental capacity?*

This question must likewise be answered in the negative and is governed by the established rule in California that a duly qualified expert witness may express through an answer to a hypothetical question an opinion upon a subject of expert testimony.* (10 Cal.Jur. (1923) p. 965, § 222.)

 In the present case counsel stipulated that Dr. Parkin was a qualified psychiatrist. Thereafter the trial judge properly permitted Dr. Parkin to express his opinion as to plaintiff's mental capacity on April 9, 1943, in answer to a hypothetical question predicated upon facts received in evidence.

Fourth: *Did the trial judge commit prejudicial error in denying plaintiff's motion for a new trial?*

 This question will not be considered by us for the reason that the rule is settled that, where, as in the instant case, the appealing party fails to furnish this court with either argument or authorities upon a point urged as ground for reversal of the judgment, the point will be deemed to have been abandoned. (*Woodcock* v. *Petrol Corp.*, 48 Cal.App.2d 652, 657 [120 P.2d 889].)

For the foregoing reasons the judgment is affirmed.

Moore, P. J., and Wood (W. J.), J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 7, 1945.

---

*It is settled that the mental capacity of a person is a proper subject of expert testimony. (10 Cal.Jur. (1923) page 999, § 258.)