For the foregoing reasons the order is affirmed.

Moore, P. J., and Wilson, J., concurred.

[Civ. No. 15164. Second Dist., Div. Two. May 2, 1946.]

Estate of SALLIE T. RICHARDSON, Deceased. CHARLES S. DARDEN, as Executor, etc., Appellant, v. MARY WILLETTA WALKER, Respondent.

Charles S. Darden, in pro. per., for Appellant.

Harold B. Pool for Respondent.

McCOMB, J.—This is an appeal from orders:

(1) Denying appellant's motion to transfer the matter to some other court for trial after an affidavit of bias and prejudice had been filed against the trial judge;

(2) Granting a motion to strike the affidavit of bias and prejudice from the file;

(3) Releasing the executor's attorney of record, and immediately ordering the said executor to take the witness stand without the aid of counsel; and

(4) Settling the executor's account and ordering him to deliver the assets to Laura Bell Clark.

### 1 and 2

The affidavit of alleged prejudice is not a part of the record on appeal; therefore this court is compelled to presume in favor of the acts of the trial judge that such affidavit did not contain any statement of fact showing bias or prejudice upon the part of the trial judge. Hence orders 1 and 2 were correct. (See *Neblett* v. *Pacific Mutual Life Insurance Co.,* 22 Cal.2d 393, 401 [139 P.2d 934].)

### 3 and 4

Appellant has failed to present either argument or authority showing why the third and fourth orders mentioned above should be reversed; therefore any objection that he might have had will be deemed abandoned. (*Ver Bryck* v. *Luby,* 67 Cal.App.2d 842, 845 [155 P.2d 706].)

For the foregoing reasons the orders are and each is affirmed.

Moore, P. J., and Wilson, J., concurred.