[Civ. No. 21251.   Second Dist., Div. One.   Apr. 4, 1956.]

ANNIE LAURIE ROSS MARSHALL, Appellant, v. PA-TRICIA LUCILLE MARSHALL et al., Respondents.

William J. Tiernan and James R. Montgomery for Appellant.

Frank A. Mouritsen for Respondents.

NOURSE (Paul), J. pro tem.*—By her complaint, plaintiff seeks to quiet title to certain real property. She appeals from a judgment decreeing that the defendants are each the owner of an undivided one-fifth interest in the property, subject only to a life estate in her.

The following facts are supported by substantial evidence: In April, 1951, plaintiff signed a grant deed conveying to her five granddaughters, including the three defendants, the property in question, but reserved to herself a life estate therein. The deed was executed in the presence of her son and her attorney who, as a notary, took her acknowledgment. At that time she instructed her attorney to record the deed but not to tell the grantees of its execution. The deed was recorded and after recordation was retained by the attorney until sometime in the year 1954, when at plaintiff's request he returned it to her.

In discussions with her son and her attorney, plaintiff stated that she wanted her five granddaughters to have the property and wanted to avoid the trouble and expense incident to having it administered upon as a part of her estate.

At the time of the execution of the deed there was in existence and unrevoked a will by which plaintiff devised the property described in the deed to her five grandchildren.

After the deed was returned to plaintiff she, through her present attorney, requested the grantees to reconvey the property to her. A year or more before the request for a reconveyance was made, two of the defendants learned of the execution and recordation of the deed but neither rejected the grant made to them by it.

No valuable consideration was received by plaintiff and she denied having any love or affection for the grantees at the time of the execution of the deed, and in fact denied its execution. There was, however, substantial evidence proving that plaintiff in fact had a great deal of love and affection for

*Assigned by Chairman of Judicial Council.

the grantees and that that love and affection induced her to execute and deliver the deed.

At the close of the evidence the court permitted defendants to amend their answer to conform to proof and so as to deny the allegations of paragraph VI of the complaint as to lack of consideration and want of delivery.

The trial court found that the plaintiff executed the deed with the intent of presently conveying the property in question to the grantees; that the consideration for the deed was her love and affection for the grantees; and that there was a delivery and acceptance of the deed.

Plaintiff makes four assignments of error: (1) That the finding that there was a consideration for the deed is contrary to and unsupported by the evidence; (2) that the finding that there was a delivery and acceptance is unsupported by evidence; (3) that the trial court erred in receiving the testimony of plaintiff's former attorney, and letters exchanged between plaintiff and her attorney; (4) that the trial court erred in permitting defendants to amend their answer.

■ Plaintiff asserts that inasmuch as it was admitted that no valuable consideration was given by the grantees or received by her and as she testified that at the time the deed was executed she had no love or affection for any of the grantees, the finding that there was a consideration is contrary to the evidence. The record does not support this contention.

It is presumed that there is a good and sufficient consideration for a deed (Civ. Code, § 1614; Code Civ. Proc., § 1963, subd. 39; *Willis* v. *Holback*, 33 Cal.App.2d 145 [91 P.2d 140]; *Estate of Hobart*, 82 Cal.App.2d 502, 509 [187 P.2d 105]; *Banducci* v. *Banducci*, 63 Cal.App.2d 600, 604 [147 P.2d 73]; *Albertson* v. *Schmidt*, 128 Cal.App. 344, 347 [17 P.2d 158]).

The burden was upon the plaintiff to overcome this presumption. The only evidence she offered was her own testimony that she had no love or affection for the grantees. The trial court, however, was fully justified in rejecting this testimony. At the same time that she testified that she had no love or affection for the grantees she denied executing the deed; yet the fact that she did knowingly execute it and direct its recordation was established by the testimony of her son and her attorney. In order to believe plaintiff the court would have to believe that her own attorney tricked her into signing the deed and did so not for his own benefit but for the benefit of the grantees who had no knowledge of the deed. Further than this, there was testimony from which the court

could well infer that the plaintiff did bear a great deal of love and affection for the grantees and that that was the inducing cause of her executing the deed. The evidence showed that she had paid in large part for the education of at least two of the defendants and had, by her will, which was unrejected at the time the deed was executed, given the grantees practically the whole of her estate, and had stated in a letter that that was her "heart's desire."

The finding of delivery is likewise supported by substantial evidence.

Whether there has been a delivery is a question of fact. Delivery is primarily a question of intent. Any words and acts which might manifest an intent on the part of the grantor that a deed shall be completely executed and that title shall pass to the grantees and which put the title beyond the grantor's control are sufficient to constitute a valid delivery (*McCully* v. *McArthur*, 187 Cal. 194, 198-199 [201 P. 323]; *Lavely* v. *Nonemaker*, 212 Cal. 380, 387 [298 P. 976]).

The evidence shows that the plaintiff had by words manifested her intent to vest title in the grantees and had directed the recording of the instrument after a complete explanation to her of the effect of her acts. This evidence was sufficient to uphold the court's finding that the deed was delivered.

The deed being, in fact, one of gift, an acceptance by the grantees was essential to completion of the delivery.

The estate created in the grantees was one in joint tenancy, and a delivery to one or more of them was a delivery to all (*Smith* v. *Lombard*, 201 Cal. 518, 526 [258 P. 55]).

At least two of the grantees learned of the grant prior to the time plaintiff sought to revoke it and did not reject the gift made by it. This constituted acceptance by them, and as the grant was beneficial to all the grantees, the acceptance by the other three may be presumed (*DeLevillain* v. *Evans*, 39 Cal. 120, 122-123; *Estate of Kalt*, 16 Cal.2d 807, 813 [108 P.2d 401, 133 A.L.R. 1424]; *Herman* v. *Mortensen*, 72 Cal. App.2d 413, 419 [164 P.2d 551]).

Defendants called as a witness the attorney who had prepared the deed and who acted as a notary in taking plaintiff's acknowledgment of its execution and who then recorded the deed at her request. He testified to conversations with plaintiff concerning the deed and concerning her will. He produced letters received by him from plaintiff and other letters written

by him to the plaintiff relative to the deed and the disposition of her property by will. His testimony and the above-mentioned documents were received in evidence over plaintiff's timely objections that the conversations and the documents were privileged communications between attorney and client and therefore inadmissible under section 1881, subdivision 2, Code of Civil Procedure.

■ Not all communications between attorney and client are privileged. ■ Oral communications are not privileged if made in the presence of a stranger, and written communications are not privileged if the facts show that the client did not intend that their contents be kept in confidence by the attorney (*Ver Bryck* v. *Luby*, 67 Cal.App.2d 842 [155 P.2d 706]; *Seeger* v. *Odell*, 64 Cal.App.2d 397 [148 P.2d 901]; *Carleton* v. *Bonham*, 60 Cal.App. 725, 732-733 [214 P. 503]).

■ There was substantial evidence that the conversations between the witness and the plaintiff were had in the presence of the plaintiff's son, and evidence that the contents of the letters exchanged between the plaintiff and the defendants were discussed by the witness and the plaintiff in the presence of the son. This being true, the court did not err in receiving the evidence in question.

■ The fact of the execution of the deed by plaintiff before the witness, as a notary public, and her instructions to the witness to record it, were neither of them privileged communications even though no one else had been present at the time of the execution of the deed or at the time she gave her instructions relative to recordation (*Messersmith* v. *Smith*, 62 Cal.App. 446 [217 P. 105]; *Brandt* v. *Brandt*, 85 Cal.App. 720, 727 [260 P. 342]).

■ At the close of the evidence, counsel for defendants were given leave to amend their answer so as to deny the allegations of paragraph VI of the complaint that the deed was executed without consideration and that there had been no delivery of it.

The failure of counsel for defendants to include in the answer a denial of the allegations of paragraph VI of the complaint was undoubtedly an inadvertence induced by the form of the complaint. Paragraph V ends at the bottom of page 2 of the complaint. Below that, and without any written matter following, appears the Roman numeral VI. The text of paragraph VI commences on line 1 of page 3 without any paragraph number preceding it. Defendants' counsel claimed

that in preparing the answer he overlooked the paragraph number at the bottom of page 2, and believed that the denial of the allegations of paragraph V included the allegations at the top of page 3. That this was an inadvertent and excusable mistake seems apparent.

A great deal of the evidence given at the trial was devoted to the issues of consideration and delivery, and under the circumstances here it would have been an abuse of discretion to deny the defendants' request to amend their answer.

The judgment is affirmed.

White, P. J., and Fourt, J., concurred.