HAMMETT *v.* CANNON.

5-936                                        289 S. W. 2d 683

Opinion delivered April 30, 1956.

*Williamson & Williamson,* for appellant.

*Chas. F. Cole,* for appellee.

ED. F. McFADDIN, Associate Justice. This is the second appearance of this case in this Court. See *Cannon* v. *Owens,* 224 Ark. 614, 275 S. W. 2d 445.

On the first appeal we held that the deed of certain lands conveyed to Mrs. Mary Vannatter a life estate, with remainder to her daughter and son-in-law, Lizzie Cannon and Clint Cannon; but we remanded the case so that the appellees in the first appeal (appellants in this appeal) might offer their evidence as to other defenses against the remaindermen. Such defenses were (a) duress and undue influence practiced by Lizzie Cannon and Clint Cannon on Mrs. Mary Vannatter; and (b) non-perform-

ance by Lizzie Cannon and Clint Cannon of their promise to take care of and support Mrs. Mary Vannatter during her lifetime. On remand the evidence was offered on the said defenses and the Chancery Court held the evidence insufficient to defeat the deed; so the beneficiaries under Mrs. Vannatter's will are the present appellants and Lizzie and Clint Cannon, the remaindermen in the deed, are the present appellees.

I. *Undue Influence and Duress.* The Notary Public who prepared the deed of June 28, 1948—from Tubbs and wife to Mary Vannatter for life and remainder to Lizzie and Clint Cannon—testified that he went out to see Mrs. Vannatter before preparing the deed and ascertained how she wanted it, went back to his office and prepared the deed, then went back to Mrs. Vannatter and read the deed to her. He asked her, "Is that the way you want it to be?"; and she said, "Yes, that is what I want. That is the way I want it." The grantors in the deed were apparently present at the aforesaid conversation, yet they were not called as witnesses. In short, any evidence as to undue influence or duress is entirely too sketchy to justify a decree defeating the deed on that ground. The Chancellor affirmatively stated: "There will be no finding of fraud, duress or undue influence." We cannot say that such conclusion is against the preponderance of the evidence.

II. *Non-performance of Promise of Support.* The deed of June 28, 1948, contained no restriction on the remainder: that is, the deed did not say that Lizzie Cannon and Clint Cannon had promised to support and care for Mrs. Vannatter during her lifetime as a consideration for receiving the property at her death. The present appellants, therefore, had the two-pronged burden of proving: (a) that such a promise of support was a consideration of the deed;[1] and (b) that such promise was broken by Lizzie and Clint Cannon so as to amount to

---

[1] Proving the consideration is entirely different from proving an express trust by parol evidence, so cases cited by the appellee on express trust are not in point.

fraud. On this angle of the case the Trial Court made this finding in announcing his decree:

"To vary a written instrument the proof must be very clear, and the agreement would have to be clearly established in all its terms; and I find that proof in this case has not been established to the extent required by law; and I further find that if there was such an agreement that the proof doesn't establish that the plaintiffs here failed and refused to carry out their part of the contract."

The appellants say that the Chancery decree is against the preponderance of the evidence on both prongs of the support matter. Typical of the evidence offered to prove the agreement of support is that of J. T. Smith, the Notary Public who prepared the deed. He testified that at the time the deed was prepared, Mrs. Vannatter told him that the Cannons were to ". . . take care of her." But there was an entire absence from the deed of any such provision and we have already detailed the testimony of the Notary Public as to reading the deed to Mrs. Vannatter. An agreement, to provide care and support, is one thing; and a mere expectancy or hope, that the remaindermen will provide care and support for the life tenant, is another thing. The hope or expectancy of the life tenant does not make a definite agreement by the remaindermen. We cannot say that Mrs. Vannatter's conversation with the Notary Public evidenced more than a hope or expectancy on her part.

The strongest circumstance to support the claim of an agreement, to provide care and support for Mrs. Vannatter, was the fact that some time after the deed had been recorded, Clint Cannon took Mrs. Vannatter to an attorney so she could execute her will; and this will stated:

"In consideration of their taking care of me, living with me and furnishing me a home for the balance of my natural life in my present home one mile West of Mountain View, Arkansas, in which they now live with me, I

do hereby GIVE and BEQUEATH unto my beloved daughter, LIZZIE CANNON, and her husband, CLINT CANNON, my said above mentioned home and the 15 acres of land upon which it stands. In case my said daughter, Lizzie Cannon and her husband, Clint Cannon, cease, fail and/or refuse to live with, support and care for me for the balance of my lifetime in my said home, then this bequest shall become null and void and the above mentioned homestead property shall go in equal shares to my Four daughters, Lizzie Cannon, Pearl Martin, Cordelia Taylor and Edna Hammett, share and share alike.''[2]

Even though this will was subsequently revoked, it is argued by appellants, and with much plausibility, that this provision in the will—executed after the deed—showed that Clint Cannon and Lizzie Cannon had made such a promise of support to Mrs. Vannatter. This provision in the will is a strong argument; but the fact still remains that if any such agreement of support had been made *before* the deed was executed, Mrs. Vannatter would most probably have included it in the deed rather than in a subsequently drawn will. The *quantum* of evidence, to establish a promise of support made as a consideration for the deed, must be more than a preponderance. In *Viesey* v. *Wooten,* 220 Ark. 962, 251 S. W. 2d 593, we said:

''The preponderance of the evidence here does not show that, as part of the consideration for the conveyance of the property to the Wootens, they were to look after Martha for the rest of her life. And, even if there had been such a preponderance of the evidence, a mere preponderance would not be enough to ingraft on the deed a consideration other than that expressed therein.''

The Chancellor held that the evidence in the case at bar did not measure up to the *quantum* required; and from a careful study of the record, we cannot say that the Chancellor was in error. There is no need for us to consider the matter of non-performance of the alleged

---

[2] This will was dated September 17, 1948. There was an earlier will dated August 12, 1948, which contained a somewhat similar clause.

promise, since we hold that the evidence is not sufficient to establish the promise. Letters relied on by the appellants, written by the Cannons to Mrs. Vannatter, are not as broad as the appellants assert. The rights of Lizzie and Clint Cannon vested at the time of the deed; Mrs. Vannatter had the place for life, and the Cannons had only the remainder. During Mrs. Vannatter's lifetime the Cannons did not try to take the place from her. They became entitled to it on her death.

Affirmed.