DALEY v. GRUBER.

1. APPEAL AND ERROR—REMAND—NONCOMPLIANCE WITH COURT RULES—APPENDIX—ASSESSMENT OF DAMAGES.

The Supreme Court approves the recommendation of circuit court on remand that appellants' attorney, rather than appellants, be assessed damages for his failure to comply with court rules relative to preparation of appendix on appeal with reference to question of preponderance of evidence, but modifies the amount allowed to the minimum rate for the circuit of $10 per hour for the 35-1/2 hours of extra work necessarily required of appellee's counsel, not including time spent by secretary (Court Rules No 67, § 6; No 70, § 5 [1945]).

2. SAME—APPENDIX—VIOLATION OF COURT RULE—PUNITIVE DAMAGES.

The Supreme Court approves recommendation of circuit court on remand from Supreme Court that punitive damages authorized by court rule not be imposed in view of inexperience of counsel and the unavailability of pertinent amended court rule (Court Rules No 67, § 6; No 70, § 5 [1945]).

Appeal from Tuscola; Quinn (Timothy C.), J. Submitted April 6, 1960. (Docket No. 16, Calendar No. 47,902.) Decided September 16, 1960. Report submitted December 30, 1960. Approved January 12, 1961. Supplemental opinion filed January 17, 1961.

On remand from Supreme Court for investigation, recommendation, and report to the Supreme Court pursuant to Court Rule No 70, § 5 (1945). See 361 Mich 358, 364.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 3 Am Jur, Appeal and Error § 768.

*Kern & Kern* (*Roland O. Kern,* of counsel) and *Maurice C. Ransford,* for plaintiff-appellee.

*Martin & Martin* (*Fred Martin, Jr.,* of counsel), for defendants-appellants.

PER CURIAM. Pursuant to the reference back to the circuit court ordered by this Court on September 16, 1960, the following report was received from the circuit court for the county of Tuscola:

"*Report and Recommendation to the Supreme Court Under Rule No 70, § 5 (1945).*[1]

"By its opinion of September 16, 1960 (361 Mich 358), the Supreme Court referred back to the trial court for determination and recommendation the questions of appellants' compliance with Court Rule No 67, § 6[2] and special costs or an award of special damages for alleged inadequacy of appellants' appendix. By motion filed in the trial court September 27, 1960, appellee prayed for such a determination; this motion was argued orally November 2, 1960. Appellee claimed that in order fairly to present the questions raised on appeal, it was necessary to augment appellants' appendix by 16 exhibits and 71 pages of testimony, and that it took 78 hours and 55 minutes of counsel's time to accomplish this, as well as 16–1/2 hours on the part of his secretary. Appellants asserted that the appendix as filed was fair and adequate, but if it was not, it was due to his inexperience and the fact that he did not have the April 15, 1959, amendment to Court Rule No 67, § 6, before his brief and appendix were in the hands of the printer and they were prepared in compliance with Court Rule No 67, § 6, prior to the amendment of April 15, 1959, as he interpreted that section.

"Since oral argument of the motion, this Court has reviewed in detail the transcript of testimony at trial

---

[1] See 347 Mich xxviii, xxx.—REPORTER.
[2] See 347 Mich xxii; 355 Mich xiv.—REPORTER.

and the briefs and appendices on appeal. The first question on appeal as framed by appellants is whether the findings of the trial court are contrary to the preponderance of the evidence. Properly to answer that question, the Supreme Court must have before it all of the evidence on which such findings are based, and appellants' appendix does not contain all of such evidence. The inexperience of appellants' counsel and the unavailability of amended Court Rule No 67, § 6 excuses the culpability necessary for an award of punitive damages under Court Rule No 70, § 5, but it is no excuse for an inadequate appendix on a question dealing with a preponderance of the evidence. The pages of testimony added, by appellee appear to be a minimum for a fair presentation of this first question to the appellate court.

"Appellee's counsel conceded at oral argument of his motion that the actual cost of printing the additional exhibits and pages of testimony was recovered on costs taxed in the Supreme Court. What is before this Court is the length of time required to make such additions and the value thereof. No appreciable time would be necessary to add the exhibits by photographic process, but considerable time would be necessary in adding testimony. It appears to this Court that 1/2 hour per page is a reasonable time to do such work and that it would take 35-1/2 hours to complete 71 pages. The minimum bar rate for office work in this circuit is $10 per hour, according to the last schedule, but appellee's counsel is the oldest and most experienced lawyer in the circuit. A rate of $20 per hour is not unreasonable in this instance. The secretary of counsel for the appellee is a regular employee; her salary is for work in the office, appellate or otherwise, and no charge should be made for her extra work on the appendix.

"It is the recommendation of this court that appellee recover as special costs the sum of $710, which reasonably represents the actual expense incurred because of the inadequacy of appellants' appendix. It is further recommended that such costs be assessed

against appellants' counsel for the reason that appellants are in no way responsible for the inadequacy and it is not fair to place them in a position of having to pay the same and then recover it by suit against their attorney.

"Respectfully submitted,
/s/  TIMOTHY C. QUINN,
     Circuit Judge,
     40th Judicial Circuit,
     Tuscola, Michigan
"Dated: December 28, 1960."

The above recommendation of the circuit judge is adopted by this Court, save and except that the special costs assessed shall be at the minimum bar rate for office work as hereinabove stated by the circuit judge for the county of Tuscola. It is ordered accordingly.