PEISNER *v.* LOWMAN.

1. DEEDS—MENTAL COMPETENCY—FRAUD—UNDUE INFLUENCE—EVIDENCE.

Evidence presented in guardian's suit to set aside elderly mentally-incompetent ward's deed of summer cottage property valued at from $15,000 to $30,000, and reserving a life interest therein, which deed had been given defendant nieces and nephew-in-law in return for their agreement to maintain the property, pay taxes, and take care of the grantor in case of need, *held,* insufficient to sustain alleged mental incompetence, fraud, and undue influence.

2. SAME—MENTAL COMPETENCY—FRAUD—UNDUE INFLUENCE—BURDEN OF PROOF.

Burden of proof in suit to set aside deed of lake cottage as to mental incompetence, fraud, or undue influence upon elderly grantor in executing deed of lake cottage to defendant nieces and nephew-in-law did not shift to defendants by virtue of their relation under circumstances disclosed, where record does not show defendants had any control over grantor, they were logical objects of her bounty, she reserved a life estate, and there was good consideration given.

3. ATTORNEY AND CLIENT—ATTORNEY FEE—COURT RULES.

Order granting defendants' counsel a $500 attorney fee after he prevailed in trial court is modified to $30, the amount authorized by court rule (Court Rule No 5, § 6 [1945]).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 16 Am Jur, Deeds § 370 *et seq.*
[2] 16 Am Jur, Deeds § 371.
[3] 5 Am Jur, Attorneys at Law § 200.
[4] 3 Am Jur, Appeal and Error § 768 *et seq.*

4. APPEAL AND ERROR—BRIEF—APPENDIX—DAMAGES.
   Appellees are allowed $250 damages against appellant's attorney occasioned by obvious deficiencies in latter's brief on appeal, which required preparation and printing of separate appendix (Court Rule No 70, § 5 [1945]).

Appeal from Wayne; Weideman (Carl M.), J. Submitted April 7, 1961. (Docket No. 36, Calendar No. 48,749.) Decided June 28, 1961.

Bill by Balfour D. Peisner, guardian of the estate of Nellie Kay Taylor, mentally incompetent, against Earl Lowman, Nell Lowman, and Lula Norman to set aside deed to summer cottage. Bill dismissed. Plaintiff appeals. Affirmed as modified. Penalty assessed for inadequate presentation in brief and appendix.

*Balfour D. Peisner, in propria persona,* as guardian.

*William J. McBrearty (Patrick J. Keating,* of counsel), for defendants.

EDWARDS, J. Plaintiff, as guardian of the estate of an elderly lady now 85 years old, Mrs. Taylor, filed a bill of complaint to set aside a deed to a summer cottage at Higgins lake which she had executed to defendants. Aside from 2 grandchildren, the defendants (2 nieces and a nephew-in-law) were Mrs. Taylor's closest relatives. The property was valued at between $15,000 and $30,000. The consideration, over and above the family relationship, was an agreement to maintain the property, pay taxes, and take care of the old lady in case of need. Mrs. Taylor retained a life interest in the property. The balance of Mrs. Taylor's estate totaled between $90,000 and $100,000.

The bill of complaint alleged mental incompetence, fraud, and undue influence. The circuit judge heard testimony from both sides and entered an opinion holding that none of these allegations had been proved.

On review *de novo* we also find that plaintiff's proofs failed to establish these charges. There is not a line of testimony of actual fraud or undue influence. And the proofs relied on by plaintiff pertaining to mental incompetence are dubious also.

On the contrary, there is proof of execution of the deed and agreement and of Mrs. Taylor's mental competence when she executed them. There is proof also that Mrs. Taylor had planned for a long time for the nieces to have this property and that she had decided upon this conveyance and agreement on the advice of an old and trusted friend—totally unrelated to defendants.

Appellant relies strongly upon *Connor* v. *Harris,* 258 Mich 670, 679, 677:

"It may be stated as settled law that whenever there is great weakness of mind in a person executing a conveyance of land, arising from age, sickness, or any other cause, though not amounting to absolute disqualification, and the consideration given for the property is grossly inadequate, a court of equity will, upon proper and seasonable application of the injured party, or his representatives or heirs, interfere and set the conveyance aside."

"The grantor was peculiarly under the care, control, and domination of defendant, who stood in a fiduciary relation to her, and obtained, without consideration, a large amount of property from grantor. Under such circumstances the burden of proof is upon defendant, to show the fairness and good faith of the transaction."

Appellant claims that under the facts in this case, even if he did not carry the burden of proof as to

fraud, he didn't need to; that the burden was on defendants.

We do not read the agreement in this case as so lacking in consideration or the relationship of the parties to be such as to invoke the *Connor* rule. This record does not show that defendants had any control over Mrs. Taylor. Defendants were logical objects of Mrs. Taylor's bounty. She retained a life estate in the property and there was good consideration for the fee. On these facts, we find no warrant for holding that the burden of proof shifted from plaintiff to defendants.

Appellant also disputes a $500 legal fee ordered by the circuit judge for defendants' counsel. The controlling rule (Court Rule No 5, § 6 [1945]) authorizes $30. The order must be modified in this regard.

Appellees call the Court's attention to obvious deficiencies in appellant's brief, requiring preparation and printing of a separate appendix. Under the provisions of Court Rule No 70, § 5,* and in the particular and simple circumstances of this case (*cf. Greenough* v. *Greenough,* 354 Mich 508; *Harden* v. *Widovich,* 359 Mich 566, 361 Mich 422), appellees are allowed $250 damages against counsel for plaintiff. *Daley* v. *Gruber,* 362 Mich 366.

Affirmed as modified. Costs to appellees.

DETHMERS, C. J., and CARR, KELLY, SMITH, BLACK, KAVANAGH, and SOURIS, JJ., concurred.

---

* See 347 Mich xxx.—REPORTER.