410 P.2d 947

Rafalita **TRUJILLO**, a widow, Plaintiff-Appellant,

v.

Samuel David **TRUJILLO**, Defendant-Appellee.

No. 7661.

Supreme Court of New Mexico.

Feb. 7, 1966.

Charles L. Craven, Aztec, for appellant.

Cooney & Briones, Farmington, for appellee.

CARMODY, Chief Justice.

Appellant sought an order of the district court cancelling a conveyance of property, or, in the alternative, an order directing the reconveyance of the property, or payment of damages for refusal to reconvey. This appeal follows the decision of the court refusing the relief sought.

In 1960, appellant and her husband (now deceased) joined in the execution and delivery to their son (the appellee) of a quitclaim deed to a farm which the appellee had worked, managed, and on which he had lived with his parents since 1944 and which appellee had continued to work after his parents left the farm and moved to Colorado in 1954.

■ Appellant alleged that at the time of the conveyance, appellee had promised to reconvey the property to her and her husband, and that because of his refusal to reconvey the property, the appellee held the lands as constructive trustee for the appellant. The trial court made extensive findings, including the finding that there was adequate, good and valuable consideration for the conveyance, and that there was no evidence of a sufficient character to establish fraud or mistake in connection with the conveyance. In her brief, appellant has made no attack on any of the findings of fact as made by the trial court. Of course, it is settled in this jurisdiction that the facts found by the court, unless directly attacked, are the facts upon which the case must rest. Franklin's Earthmoving, Inc. v. Loma Linda Park, Inc., 1964, 74 N.M. 530, 395 P.2d 454; and Marrujo v. Martinez, 1959, 65 N.M. 166, 334 P.2d 548, provided such facts are supported by substantial evidence. Even if there is other evidence in the record supporting the findings requested by the appellant and contrary to those found by the court, such evidence will not be considered by us. Pentecost v. Hudson, 1953, 57 N.M. 7, 252 P.2d 511; Baker v. Storie, 1960, 67 N.M. 27, 350 P.2d 1039; Maryland Casualty Company v. Jolly, 1960, 67 N.M. 101, 352 P.2d 1013; and Davis v. Hartley, 1961, 69 N.M. 91, 364 P.2d 349.

■ There is testimony in the record of a substantial nature, indicating that appellee stayed on, managed the farm, made improvements on the land consisting of "rip-rap" on the river, fences, irrigation pumps, a dyke, and a gradual leveling of

**726**

the land, because of promises by the parents that he would eventually have the land. There is also testimony sufficient to support the court's finding that there was "no evidence of a sufficient character to establish fraud or mistake in connection with the conveyance." The attorney who prepared the deed could remember no specific conditions attached to the signing of the deed. Appellant herself testified that at the time of the conveyance, she remembered no promise by appellee to reconvey the land and that it was some two or three months later when the request was made of appellee to reconvey and he refused.

Appellant's argument that the parent-and-child relationship raises a presumption of undue influence is precluded by the trial court's findings of fact and reasonable inferences flowing therefrom. In addition, the fact of such relationship is not, in itself, sufficient to raise a presumption of undue influence, Shultz v. Ramey, 1958, 64 N.M. 366, 328 P.2d 937. The burden of proving the facts by which the presumption of undue influence arises was upon the appellant, and it is obvious that her proof did not satisfy the trial court. With this, we agree.

Appellant's reliance upon Velasquez v. Mascarenas, 1962, 71 N.M. 133, 376 P.2d 311, is to no avail. Not only is the case distinguishable, but, here, the facts found negate the existence of a constructive trust.

In view of the foregoing, the judgment must be affirmed. It is so ordered.

CHAVEZ and COMPTON, JJ., concur.