414 P.2d 855

Natividad T. GIOVANNINI, Plaintiff-Appellant,

v.

Thomas G. TURRIETTA, Ruth Turrietta and Cipriana Turrietta, and all unknown heirs, living or dead, of Jose O. Turrietta, Defendants-Appellees.

No. 7718.

Supreme Court of New Mexico.

May 31, 1966.

Irving E. Moore, Albuquerque, for appellant.

John W. Gurley, Albuquerque, for Thomas G. Turrietta.

Robert Christensen, Albuquerque, for Ruth Turrietta.

Lorenzo E. Tapia, Albuquerque, for Cipriana Turrietta.

## OPINION

NOBLE, Justice.

Plaintiff, Natividad T. Giovannini, has appealed from a judgment quieting title to a 7.4 acre tract of land in Thomas G. Turrietta and his sister, Ruth Turrietta.

The parties are a son and daughter of Jose O. Turrietta and his wife, Lasarita, both deceased. Following the death of Mr. Turrietta, senior, in 1945, the widow and daughters, Natividad and Cipriana, conveyed the real estate involved in this action to Thomas and Ruth Turrietta.

The trial court found:

"4. That on January 16, 1945, Plaintiff Lasarita G. Turrietta, deceased, and Defendant Cipriana Turrietta conveyed by quitclaim deed to Defendants THOMAS G. TURRIETTA and RUTH TURRIETTA all of their interests whatsoever in the following described property. (Description of 7.40 acres)

"5. That said Quitclaim Deed was given for good and valid consideration unto the grantors.

"6. That the Plaintiff introduced no evidence of fraud of any nature or any evidence of any wrong doing of any nature nor did the evidence in the case raise any presumption, of fraud, that may have induced the conveyance of the aforesaid property to THOMAS G. TURRIETTA and RUTH TURRIETTA.

"7. That since January 16, 1945 the Defendants either one or both of them have resided in open and hostile possession of said property and have paid the taxes."

From those findings, the court concluded that the deed vested fee simple title in Thomas Turrietta and Ruth Turrietta and that they additionally have acquired title by adverse possession. Those findings are the facts upon which the case rests in this court on appeal unless set aside for lack of support in the evidence. American Hospital and Life Insurance Co. v. Kunkel, 71 N.M. 164, 376 P.2d 956. Appellants have only made a generalized at-

tack on all findings of the trial court, except that of adverse possession which is specifically challenged and that of consideration for the deed which is discussed in the brief without a specific point relied upon for reversal. The attack on all other findings amounts only to a statement that the court's findings were wrong while those proposed by appellants were correct. This failure is in direct violation of the rules governing preparation of briefs. Supreme Court Rule 15(6) (§ 21–2–1 (15) (6), N.M. S.A. 1953); Michael v. Bauman, N.M., 413 P.2d 888, filed May 2, 1966. The trial court's findings, not properly attacked, are conclusive on appeal. Michael v. Bauman, supra; Bogle v. Potter, 68 N.M. 239, 360 P.2d 650; Hugh K. Gale, Post No. 2182 V. of F. W., of Farmington v. Norris, 53 N.M. 58, 201 P.2d 777; Swallows v. Sierra, 68 N.M. 338, 362 P.2d 391.

It is, of course, axiomatic that if the deed constituted a valid conveyance of the real estate in issue here, the question of whether title has been established in appellees by adverse possession becomes immaterial. Validity of the deed is challenged upon the ground that (1) it was the result of undue influence, and (2) it was without consideration.

█ In order to set aside or hold ineffective a deed such as the one in this case, the appellants have the burden of establishing by clear, satisfactory and convincing evidence that the grantors, at the time of its execution, did not understand in any reasonable manner the nature of the particular transaction and the effect and consequences upon their rights and interests. Foster v. Foster, 223 Iowa 455, 273 N.W. 165; Else v. Fremont Methodist Church, 247 Iowa 127, 73 N.W.2d 50. The Annotator 70 A.L.R.2d 591, 592 expresses the general rule under which the exercise of undue influence will be inferred as:

"* * * where one person exercises such dominion over the will of another as to cause the latter to confer a benefaction which would not have been made if the benefactor had exercised his own deliberate judgment, reason, or discretion."

█ Relying strongly upon Cardenas v. Ortiz, 29 N.M. 633, 226 P. 418, appellants appear to argue that the mere relationship between the parties creates a presumption of undue influence in obtaining the deed upon which appellees' title is based. However, Cardenas is clearly distinguishable upon its facts, and the inference of undue influence applied only in circumstances where there was a showing of strong dominance by the grantee over the grantor. There the grantors were aged persons, unable to read or write either the English or Spanish language; they could not speak in English; were mentally and

physically feeble and hence readily susceptible to influence. The defendant, a nephew, had acquired a great influence over them; the deed was wholly without consideration; and the court found that its execution was obtained through undue influence. This court said in Cardenas that those findings supported by facts and circumstances from which inferences, conclusions or deductions could be drawn would not be disturbed on appeal. See, also, Walters v. Walters, 26 N.M. 22, 188 P. 1105. A comparison shows that the court in the instant case, on the contrary, found that there was no indication or proof of fraud or of undue influence and that there was consideration for the deed. The mere existence of kinship between the grantors and grantees does not of itself give rise to "confidential relationship" as that term is used in connection with the undue influence doctrine. Donaldson v. Johnson, 235 Ark. 348, 359 S.W.2d 810; nor is the fact of such relationship in itself sufficient to raise a presumption of undue influence. Trujillo v. Trujillo, 75 N.M. 724, 410 P.2d 947; Shultz v. Ramey, 64 N.M. 366, 328 P.2d 937. Accordingly, a deed between relatives will not be held invalid for undue influence absent a strong showing of dominance.

█ Under the facts and circumstances in this case, the trial court concluded that neither the relationship of the parties nor the circumstances surrounding them establish such fiduciary or confidential relationship as placed the burden upon the grantees to establish the bona fides of the deed. We agree.

██ The appellants argue that there is no support in the evidence for the finding of consideration for the deed. However, consideration for a deed is presumed. Wilcox v. Wickizer, (Okl.), 266 P.2d 638; Geller v. Johnsen, 95 N.J.Eq. 516, 123 A. 725; Sampson v. Sissel, 151 Neb. 521, 38 N.W.2d 341; Fountain Trust Co. of Covington v. Rinker, 98 Ind.App. 249, 182 N.E. 709. And the burden of proof to establish lack of consideration for a deed is ordinarily on the attacking party. Hammett v. Cannon, 226 Ark. 300, 289 S.W.2d 683; Marshall v. Marshall, 140 Cal.App.2d 475, 295 P.2d 131; Peisner v. Lowman, 363 Mich. 320, 109 N.W.2d 923.

█ Furthermore, the conduct and behavior of the parties in the instant case was inconsistent with an implication of any wrongdoing by the appellees. The testimony shows that the mother lived with the appellees until her death and that the sisters lived with them for many years until they voluntarily left.

█ We find no merit to the contention that the finding of adverse possession lacks substantial support in the evi-

dence because the deed upon which color of title is based is impressed with a constructive trust for the heirs of Jose O. Turrietta. Such a trust could only be impressed by strong and convincing evidence. Sacre v. Sacre, 143 Me. 80, 55 A.2d 592, 173 A.L.R. 1261. Our attention has not been called to such evidence, and the trial court found that this burden was not sustained. We are not impressed by the argument that a contrary requested finding may have been supported by the evidence. We think there is substantial support in the evidence of the validity of the challenged deed so that appellees' title is good without proof of adverse possession. The continued possession by appellees and the lack of any dispute as to ownership for a period of some seventeen years are all consistent with and a recognition of the fact that title had passed. Conway v. San Miguel County Board of Education, 59 N.M. 242, 282 P.2d 719. The record discloses that the evidence and reasonable inferences flowing therefrom substantially support the finding of laches. Other cases cited and relied upon by appellants have been examined and have been found to be either not controlling or not persuasive.

The judgment appealed from should be affirmed, and it is so ordered.

CARMODY, C. J., and CHAVEZ, J., concur.