· [Civ. No. 4495. First Appellate District, Division One.—February 9, 1925.].

N. P. JENSEN, Respondent, v. MARGARET E. DUKE et al., Defendants; J. H. DE LANGE et al., Appellants.

[1] MORTGAGES—TRUSTEE'S SALE OF MORTGAGED PROPERTY—EXTINGUISHMENT OF MORTGAGE LIEN—REVIVIFICATION OF BY SUBSEQUENT PURCHASE BY MORTGAGOR—SECTION 2930, CIVIL CODE.—Under section 2930 of the Civil Code, which provides that "Title acquired by the mortgagor subsequent to the execution of the mortgage, inures to the mortgagee as security for the debt in like manner as if acquired before the execution," the lien of a junior mortgagee, which has been extinguished by a sale under a prior deed of trust, is revivified by the repurchase of the property by the mortgagor from the person who purchased the property at the trustee's sale under the deed of trust, thereby restoring the mortgage of the junior mortgagee as a lien enforceable against the mortgagor and those deriving title or other interest from said mortgagor.

(1) 27 Cyc., p. 1434, n. 84 New.

APPEAL from a judgment of the Superior Court of Alameda County. Dudley Kinsell, Judge. Affirmed.

The facts are stated in the opinion of the court.

Geo. D. Hazen and Fitzgerald, Abbott & Beardsley for Appellants.

Miller, Thornton & Miller and Miller & Thornton for Respondent.

CABANISS, P. J., *pro tem.*—This appeal, based upon the judgment-roll, is from a decree ordering foreclosure of a mortgage held by plaintiff and later herein to be more particularly mentioned.

The facts, informally stated, are these: Plaintiff executed to A. F. Abbott and F. E. Winnegar a trust deed to a cer-

1. See 17 Cal. Jur. 856, 857.

tain lot of land as security for $3,750 borrowed by plaintiff from Frank R. Abbott. In August, 1918, plaintiff sold the land to defendant Margaret Duke subject to the trust deed, she giving her note for the purchase price ($1,550), and a mortgage to secure its payment—this being the mortgage plaintiff seeks to foreclose. Plaintiff's debt to Frank B. Abbott not having been paid, on January 3, 1920, the property was validly sold at trustee's sale to him (said Frank B. Abbott) ; and on January 19, 1920, defendant Margaret Duke purchased the property from Frank B. Abbott. On April 30, 1920, defendants Margaret and George E. Duke sold and deeded the land to defendants J. W. and J. D. de Lange, who, on the fourth day of June, 1921, executed to the defendant Oakland Title Insurance and Guaranty Company as trustee a deed to secure payment of $3,250 loaned the de Langes by defendant Equitable Life Insurance Company. All the instruments executed in these various transactions were seasonably recorded.

[1] The sole question is: Was the mortgage lien (admittedly extinguished by the trustee's deed to Abbott) revivified by his deed to defendant Margaret Duke (mortgagor), thereby restoring the mortgage as a lien enforceable against her and those deriving title or other interest from her.

There is an absolute dearth of authority in California upon the precise question here to be determined, and yet we feel persuaded that plaintiff's (respondent's) position finds support in section 2930 of the Civil Code, which reads: "Title acquired by the mortgagor subsequent to the execution of the mortgage, inures to the mortgagee as security for the debt in like manner as if acquired before the execution."

Though defendant Margaret Duke lost title by reason of the trust sale to Abbott, she again acquired title under Abbott's deed to her, and the title, thus acquired, inures "to the mortgagee as security for the debt in like manner as if acquired before the execution," i. e., of the mortgage. It will be noted that instant case is brought literally within the words of the quoted section.

It is intimated by appellant that section 2930 of the Civil Code merely re-enacts a common-law rule pursuant to which title acquired by a mortgagor *during the life of the mortgage only* inures to the benefit of the mortgagee; and that the

rule ceases to apply after foreclosure of senior mortgage or trust deed, as the second mortgage is thereby extinguished. Even though section 2930 of the Civil Code be, in a general way, a re-enactment of the rule already quoted, plaintiff's case is within the purview of the statute; and to hold otherwise would involve a strained construction, where every consideration of justice forbids that the mortgagor should hold his title obtained from Abbott free of plaintiff's mortgage lien.

It must also be borne in mind that the many cited California cases holding that foreclosure of a senior lien extinguishes subsequent liens applied the doctrine as between a third person purchasing at such a sale and the junior encumbrancer and therefore these decisions are not to be regarded as authority for our guidance in the instant case.

It may be further suggested that the reason of the rule which absolutely extinguishes junior mortgage lien following foreclosure of senior lien, the purchaser at foreclosure sale and his successors in interest being other than the mortgagor, would seem not to apply as to the mortgagor acquiring the title from foreclosure of the first mortgage, whether he acquired title directly under foreclosure deed or indirectly and as the grantee of a third party foreclosure purchaser.

It is due appellant's counsel to say that he has cited one case (*Plum* v. *Studebaker*, 89 Mo. 162 [1 S. W. 217]) which sustains his position, but which, however, we cannot see our way clear to accept as a correct exposition of the law in view of the positive mandate of the statute.

The judgment should be affirmed, and it is so ordered.

Knight, J., and St. Sure, J., concurred.

A petition by appellants to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 7, 1925.