[S. F. No. 13486. In Bank.—July 17, 1931.]

BLACKMORE INVESTMENT COMPANY (a Corporation), Appellant, v. AXEL A. JOHNSON et al., Respondents.

Blackmore Investment Company, *in pro. per.,* for Appellant.

Bianchi & Hyman for Resopndents.

Stoney, Rouleau, Stoney & Palmer, as *Amici Curiae.*

PRESTON, The judgment is affirmed and inasmuch as it clearly appears that the appeal was taken for the purpose of delay and for the purpose of clouding the title to a piece of valuable property, it is further ordered that respondents receive from the appellant the sum of $500 as damages for the prosecution of a frivolous appeal.

On November 26, 1926, appellant, a Nevada corporation, purchased from respondents Johnson and wife a piece of real property situated at the corner of Van Ness Avenue and Washington Street in San Francisco and on said day received a deed thereto and entered into possession thereof. The agreed purchase price was $127,000, $15,000 of which was paid in cash and the balance assumed the form of a promissory note executed by the president and secretary of appellant and secured by a deed of trust upon the property likewise executed by the president and secretary of said corporation, in which the Johnsons were beneficiaries and respondent title company was trustee.

Appellant defaulted on the payments due under the instrument and the trustee noticed the property for sale,

fixing the date of January 16, 1928. On January 13, 1928, appellant began this action, setting up the claim that the president and secretary of the corporation had not been duly authorized to execute the deed of trust in question and for that reason prayed for an injunction against the consummation of said sale. No preliminary injunction was obtained. The sale was regularly conducted on the day fixed and more than one year after said sale this cause came on for trial.

The trial resulted in findings of fact and conclusions of law against the contentions of appellant and judgment was entered denying the injunction. On the trial the secretary, Frederick B. Mozingo, was the sole witness for appellant. He testified that no previous meeting of the board of directors of said corporation occurred authorizing the execution of said note and deed of trust nor indeed the purchase of said property. There was no claim that the corporation did not pay the said sum of $15,000 nor that it did not receive the deed to said property and enter into possession thereunder as well as receive all benefits derived from the use and occupation thereof. Indeed, the evidence shows that in the month of August next prior to execution of the deed of trust the minutes recited that a resolution was adopted making F. B. Mozingo general manager of the corporation ''with full power and authority to enter into contracts and leases for the purchase, sale and operation of property''. The deed of trust likewise had attached to it under the seal of the corporation a resolution purporting to authorize its execu tion.

Appellant, pretending to act *in propria persona* through said F. B. Mozingo, has prosecuted this appeal upon the sole ground of alleged absence of authority on the part of himself and the president of appellant to execute said deed of trust. In the first place, the minutes confer ample authority upon Mr. Mozingo, as secretary and general manager of the corporation, to execute the instrument. Secondly, it requires no citation of authority to show that the corporation received all the benefits from the contract and retained for its use the fruits thereof with full knowledge of the trust deed and the corporation is thereby estopped from asserting such a defense. Moreover, it is elementary that an injunction cannot be

granted to stay an act already committed; hence the order above made.

Richards, J., Seawell, J., Curtis, J., Langdon, J., and Waste, C. J., concurred.