[S. F. No. 15573.   In Bank.—October 21, 1936.]

ANTONIO BARBERI, Appellant, v. WALTER ROTH-CHILD, as Executor, etc., et al., Respondents.

Owen D. Richardson and Harvey C. Miller for Appellant.

Bacigalupi, Elkus & Salinger and Fry & Jenkins for Respondents.

NOURSE, J., *pro tem.*—Plaintiff sued to enjoin a sale of real property under a deed of trust and to quiet title to the property. In a trial upon an agreed statement of facts the defendants had judgment.

The pertinent facts are: Plaintiff, while owner of the fee, made two deeds of trust on August 9, 1920; one was recorded at 3:06 P. M. and the other at 3:07 P. M. of the day of execution. On October 1, 1924, the property was sold under the deed first recorded to a brother of the plaintiff. On July 12, 1926, plaintiff filed a petition in bankruptcy and obtained his discharge on October 20th of that year. On January 5, 1928, the plaintiff purchased the trust property from his brother. The defendant Rothchild is the executor of the estate of Abraham Rosenberg, the beneficiary under the deed of trust second recorded. The defendants, Jenkins and Fry are the trustees named in that deed. On May 22, 1934, after notice duly given, the property was sold under this second deed of trust to the defendant Rothchild.

The first question presented on the appeal is whether the title acquired by the plaintiff through the sale under the first deed inures to the beneficiary under the second deed. The precise question is one which has not been determined in any authority brought to our attention. The case most closely touching it is *Jensen* v. *Duke*, 71 Cal. App. 210 [234 Pac. 876]. There the plaintiff, having executed a deed of trust covering certain real property, sold the land to Margaret Duke and took from her a mortgage to secure the purchase price. The property was sold under the deed of trust, and Duke subsequently acquired it from the purchaser. She sold to the defendants, and the question raised was whether the mortgage lien admittedly extinguished by the trustees' deed was revivified by the purchaser's deed to Duke, the mortgagor. Relying upon section 2930 of the Civil Code, which reads: "Subsequently acquired title inures to mortgagee. Title acquired by the mortgagor subsequent to the execution of the mortgage, inures to the mortgagee as security for the debt in like manner as if acquired before the execution," the court held: "Though defendant Margaret Duke lost title by reason of the trust sale to Abbott, she again acquired title under Abbott's deed to her, and the title, thus acquired, inures 'to the mortgagee as

security for the debt in like manner as if acquired before the execution', i. e., of the mortgage.'' It was also suggested in the opinion that the reason of the rule extinguishing junior mortgage liens following foreclosure under senior liens should not apply as to the mortgagor acquiring title from foreclosure of the first mortgage either directly as purchaser or indirectly as the grantee of a third party foreclosure purchaser. In *Ahern* v. *Tulare Lake Co.*, 115 Cal. App. 93, 101 [1 Pac. (2d) 490], the same rule was applied in a case where corporate stock had been pledged as security for a debt, sold for delinquent assessments, and then redeemed by the pledgor. There is nothing to the contrary in any of the California cases cited by the appellant. In *Plum* v. *Studebaker Bros. Mfg.* Co., 89 Mo. 162 [1 S. W. 217], the trustor had failed to sign either of the notes covered by the first or the second deed of trust and was therefore under no obligation to pay the debt secured by either. It should be noted also that the Plum case was relied on in the Jensen case, and the court expressly declined to follow it.

Appellant, though conceding the equity of the rule of section 2930, argues that its application should be limited to mortgages alone. In *Clark* v. *Baker*, 14 Cal. 612, 627–631 [76 Am. Dec. 449], this court reviewed the early cases adopting the common-law rule that after-acquired title did not inure to the benefit of the mortgagee and therein expressly rejected that rule because of the provisions of sections 33 and 36 of Conveyance Act. (Stats. 1850, p. 249.) Section 33 of that act provided that: ''If any person shall convey any real estate, by conveyance purporting to convey the same in fee simple absolute,'' and shall subsequently acquire the full legal estate, that shall inure to the benefit of the original grantee. Section 36 defined a conveyance as embracing ''every instrument in writing by which any real estate or interest in real estate is created, aliened, mortgaged, or assigned, except wills . . . ''

Since the adoption of the Civil Code, section 1106 has read: ''Subsequently acquired title passes by operation of law. Where a person purports by proper instrument to grant real property in fee simple, and subsequently acquires any title, or claim of title thereto, the same passes by operation of law to the grantee, or his successors.'' Section 1215 has defined ''conveyance'' to embrace every instrument in

writing "by which any estate or interest in real property is created, aliened, mortgaged, or encumbered, or by which the title to any real property may be affected, except wills". The difference in the language used in the Conveyance Act and that used in section 1106 of the Civil Code is that the former relates to the one who "shall convey any real estate" and the latter to one who "purports by proper instrument to grant". Though both statutes add the words "in fee simple", it was said in the Clark case that this did not affect the plain purpose of the statute which was "to provide that the subsequently acquired estate shall be as completely covered by the instrument, whether conveyance or mortgage, as if originally possessed by the grantor or mortgagor". Section 2930 has no parallel in the Conveyance Act, but the correlative provisions of section 1106 were held to apply to a mortgagee. We can see no reason why the code sections should not apply to a deed of trust which is a "conveyance" and, "with the exception that under a trust deed title passes to the trustee, the characteristics and purposes of a trust deed and a mortgage as they exist in this state have been held to be similar. *Bank of Italy Nat. T. & S. Assn.* v. *Bentley,* 217 Cal. 644, 655, 657 [20 Pac. (2d) 940]." (*Snyder* v. *Western Loan & Bldg. Co.,* 1 Cal. (2d) 697, 701 [37 Pac. (2d) 86, 88].)

■ But the judgment must be affirmed for the further reason that plaintiff expressly warranted the title to the property in his deed of trust. The deeds were executed on the same day, and the second was recorded one minute after the first. The beneficiary under the second deed had no knowledge of the execution of the first until after the recordation of the second deed. When the grantor in the second deed warranted "the title to said premises" he covenanted to defend it against all lawful claims and thereby effectively estopped himself from setting up any adverse claims in his own behalf. This is the principle announced in *Clark* v. *Baker,* 14 Cal. 612, 630 [76 Am. Dec. 449], where it is said: "A deed with a covenant of warranty operates upon future acquired interest, not as in fact passing such interest, but by way of estoppel upon the grantor against its assertion. He is not permitted to attack a title the validity of which he had covenanted to maintain. If he could succeed in defeating the title, he would, by his success,

immediately become liable to the grantee upon his covenant; and hence, to avoid circuity of action and to enforce complete justice without delay and further litigation, the doctrine of estoppel is applied.'' (*Merchants Nat. Bank* v. *Miller*, 59 N. D. 273 [229 N. W. 357, 359]; 7 R. C. L., p. 1130; 10 R. C. L, p. 677; 7 Cal. Jur., p. 761.)

The judgment is affirmed.

Langdon, J., Curtis, J., Waste, C. J., Seawell, J., and Thompson, J., concurred.