[Civ. No. 6344.   Third Appellate District.—April 19, 1940.]

CALIFORNIA BANK (a Corporation), Appellant, v. RUTH BELL et al., Respondents.

Swanwick, Donnelly & Proudfit and Donald O. Welton for Appellant.

Mildred Gilmore, Irvin C. Louis and H. B. Pool for Respondents.

THOMPSON, J.—The California Bank has appealed from a judgment which was rendered against it in a suit to foreclose a trust deed executed by the defendant, Ruth Bell, to secure a loan of $4,000. The court found that no part of the promissory note which was secured by the trust deed had been paid. The court, however, determined that the note was executed without consideration and that the trust deed

was void because it violated the terms of a former declaration of trust made by Frederick T. Goebels, affecting the same property. Judgment was rendered against the plaintiff to the effect that it take nothing by this action.

The record in this case fails to support the findings of the court. It lacks evidence of several essential elements upon which the asserted invalidity of the trust deed and the construction of the former declaration of trust depend. The chief issue is whether Ruth Bell owned the property in question and had the authority to execute her deed of trust to secure the $4,000 loan. A portion of lots "W" and "X" in block 164 of Santa Monica, California, was conveyed in 1911 to Minnie G. Talbott, the mother of Ruth Bell. Mrs. Talbott deeded the lots to Joseph L. Farrell in 1914. ▮ Mr. Farrell died testate in 1921, possessed of real property in Los Angeles County, including the lots above referred to. By the terms of his will, which was admitted to probate in the Superior Court of Los Angeles County, the lots were devised to Ruth Bell. Final distribution of his estate was made March 17, 1926. By the terms of that decree title to the lots was vested in Ruth Bell. Upon the death of Mr. Farrell, May 24, 1921, title to those lots passed immediately to the devisee, subject only to the administration of the estate. (Sec. 300, Prob. Code.) ▮ After title to the lots had passed to Ruth Bell by the terms of the will of Joseph L. Farrell, one Frederick T. Goebels purported to convey them to California Trust Company, a corporation, in trust for the support and benefit of Ruth Bell, an unmarried woman, Minnie G. Talbott, her mother, Joanna Goebels and Frederick T. Goebels, during their lives. It does not appear that Goebels ever had any interest in the lots. That conveyance was void. The declaration of trust accompanying the conveyance of the lots from Goebels authorized the trustee to manage and control the property paying the net income therefrom to the beneficiaries as designated. In case of necessity the trustee was authorized in its discretion to mortgage the property to maintain, repair or reconstruct the buildings. The declaration of trust then provided that the beneficiaries could not sell, transfer or mortgage the property so as to impair their interests therein and that their interests should not become liable for the claims of creditors or the processes of law.

The judgment in this case was evidently rendered on the theory that Goebels had title to the property, that his declaration of trust was valid and binding upon Ruth Bell, as a beneficiary, and that her subsequent execution of the deed of trust to secure her loan of $4,000 was prohibited by the terms of that instrument and therefore void.

The conveyance of the lots from Goebels to the California Trust Company and the declaration of trust were executed May 1, 1923. April 15, 1925, Ruth Bell purported to convey to the California Trust Company the lots in question, subject to a mortgage of $1500 in favor of Katharine Dugan Miles. March 7, 1928, the California Trust Company deeded the property back to Ruth Bell. The following day Ruth Bell reconveyed the lots to California Trust Company, subject to the deed of trust held by California Bank, the plaintiff in this case, to secure the loan of $4,000 previously negotiated by her. February 23, 1928, Ruth Bell negotiated a loan of $4,000 from the plaintiff, California Bank, evidenced by her promissory note for that sum, payable to California Bank in three years from that date at seven per cent interest payable quarterly. That note was secured by the deed of trust above referred to, which is involved in this suit. It is executed by Ruth Bell, a single woman, as trustor to California Trust Company, as trustee, and California Bank, as beneficiary. The $4,000 was paid to California Trust Company. A part of that sum was expended to meet certain obligations incurred under the terms of the declaration of trust executed by Goebels, leaving a balance of $2,466.10 in the hands of California Trust Company, as trustee. It appears that this loan of $4,000 was authorized by Ruth Bell, the owner of the mortgaged land. She voluntarily paid that money to the California Trust Company or authorized it to be paid to that trustee. She defaulted in the payment of the promissory note which was secured by the deed of trust of February 23, 1928. This suit to foreclose the deed of trust was commenced April 6, 1936, slightly more than four years after the maturity of the note for which it was executed. The running of the statute of limitations against the trust deed was expressly waived by the trustor and owner of the property in the following language:

"The right to plead any and all statutes of limitations as a defense to any demand secured by this deed of trust is hereby waived."

The California Trust Company failed to appear or answer the complaint. Ruth Bell and Frederick T. Goebels are the only defendants who answered the pleading. There is no allegation or evidence that Goebels ever owned the land in question or that he had authority to execute the declaration of trust. The trial court assumed that the original declaration of trust was valid and found that the subsequent deed of trust, dated February 23, 1928, was void because it violates the provisions of the declaration of trust prohibiting the "beneficiaries" from transferring or mortgaging the property, and that the trust deed was given without consideration. From the judgment which was accordingly rendered to the effect that the plaintiff take nothing by its action, this appeal was perfected.

▉ The appellant positively declares that Frederick T. Goebels never had title to the lots in question. It further asserts that he had no authority to execute his declaration of trust of May 1, 1923. The respondents fail to meet that challenge. There is no evidence that Goebels ever owned the lots in question or that he had authority to bind Ruth Bell's property by his declaration of trust with respect thereto. The record is uncontradicted that Ruth Bell acquired absolute title to the lots by the decree of distribution from the estate of Joseph L. Farrell, deceased. It belonged to her and not to Goebels. She subsequently deeded the property to California Trust Company, which reconveyed it to her March 8, 1928, about a month after the deed of trust was executed. During all of the time involved in this litigation Ruth Bell held the legal title to the property. Even though the equitable title may have been in California Trust Company at the time her deed of trust to secure the $4,000 loan was executed on February 23, 1928, her title, subsequently acquired by reconveyance of the lots to her on March 8, 1928, inured to the benefit of the mortgagee and created a lien securing the debt for which the deed of trust was previously executed.

▉ It has been repeatedly held that a trust deed, like a mortgage, creates a valid lien on real property to secure a debt for which it is executed, even though the mortgagor has

no title to the property at the time of the execution of the instrument provided he subsequently acquires title thereto during the life of the mortgage. Title to real property acquired after it is mortgaged is deemed to be covered by the lien, on the theory that the mortgagor is estopped from denying title under such circumstances. (Sec. 2930, Civ. Code; 17 Cal. Jur. 854, sec. 142; 58 A. L. R. 391, note; *Orr* v. *Stewart,* 67 Cal. 275 [7 Pac. 693]; *Schelling* v. *Thomas,* 96 Cal. App. 682, 688 [274 Pac. 755].)

■ There was adequate consideration for the execution of the promissory note and trust deed. A portion of that money was used to pay obligations incurred for the benefit of Ruth Bell, and $2,466.10 remains in the hands of the trustee for her benefit. .

■ The evidence supports the finding of the court that the defendant, Ruth Bell, was not of unsound mind when she executed the note and trust deed. Those instruments were therefore not void on that account. It is true that she alleged in her amended answer that she was of unsound mind. But it is not alleged when she was of unsound mind or that she was incompetent when those instruments were executed. She testified that she was an inmate of ''a mental hospital in Stanton, Virginia, for six months'' in 1934, and that she ''came out on the 22nd of July, 1934''. She also said that a guardian of her person and estate was then appointed, and that he has not been discharged from that trust. There is no other evidence of her incompetency at the time she executed the note and trust deed six years before her commitment to that institution. There is no evidence she was incompetent February 23, 1928, when those instruments were executed. The presumption is that she was sane. (*Estate of Perkins,* 195 Cal. 699 [235 Pac. 45]; 14 Cal. Jur. 362, sec. 19.) The finding of the court that she was not incompetent at that time, or at any time prior to January 23, 1934, is supported by the evidence without conflict. The mere fact that she was once an inmate of an institution for the mentally defective for a period of six months and that she was not formally discharged therefrom, or that her guardian who was then appointed has not been discharged furnishes no substantial evidence of a judicial determination of incompetency under section 40 of the Civil Code, which will render her execution of the note and mortgage six years be-

fore that time void. (*Guardianship of Carniglia,* 139 Cal. App. 629 [34 Pac. (2d) 752]; *Albertson* v. *Schmidt,* 128 Cal. App. 344 [17 Pac. (2d) 158].) It may, therefore, not be said the note and trust deed were void on that account.

■ The right to plead the statute of limitations as a defense for failure to bring this suit within four years from the maturity of the note, was specifically waived by the terms of the trust deed. The privilege of pleading the statute of limitations as a defense to obligations arising under an instrument may be waived. (*Brownrigg* v. *deFrees,* 196 Cal. 534 [238 Pac. 714]; 16 Cal. Jur. 570, secs. 165, 199.)

For the foregoing reasons we are of the opinion the record contains no substantial evidence that the promissory note and trust deed of Ruth Bell are void. On the contrary, it appears that the previous declaration of trust of Frederick T. Goebels, upon which the judgment in this case is founded, lacks proof that he ever owned the property or had authority to execute that instrument.

The judgment is reversed and the cause is remanded for a new trial.

Pullen, P. J., and Tuttle, J., concurred.