[Civ. No. 23968.   First Dist., Div. Three.   Apr. 9, 1968.]

RUTH S. PEREGO, Plaintiff and Appellant, v. ROBERTA B. SELTZER et al., Defendants and Respondents.

Llewellyn Johns for Plaintiff and Appellant.

M. Laurence Popofsky, Heller, Ehrman, White & Mc-Auliffe and Alfred R. Meyers for Defendants and Respondents.

BROWN (H.C.), J.—This is an appeal from a judgment of dismissal following an order sustaining a general demurrer without leave to amend in an action to set aside a deficiency judgment after foreclosure in Solano County Superior Court, action No. 41076, entitled Roberta B. Seltzer, et al., v. Richard M. Bussey, et al.

The judgment in action No. 41076 involved foreclosure and deficiency proceedings arising out of a transaction whereby Ruth S. Perego (the appellant) and four other persons borrowed the sum of $112,000 from the respondents to purchase a parcel of real property in Solano County. The loan was evidenced by an installment promissory note secured by a deed of trust, both instruments being executed on September 23, 1963. The deed of trust was recorded as of November 1, 1963. Thereafter the borrowers defaulted in the installment payments and respondents instituted this action to foreclose on the real property described in the deed of trust. Perego, the only defendant who answered the complaint to foreclose, alleged usury and overpayment of interest as defenses. The respondents filed a motion for a summary judgment and affidavits which established the propriety of the interest charges and that the balance claimed due was accurately stated. Perego did not controvert the matters set forth in respondents' affidavit relative to the validity of interest charges and the accuracy of the amount claimed due. Instead, she alleged in a declaration in opposition to the summary judgment *that at the time the deed of trust was signed that she and the other borrowers did not have title to the described real property.* This purported defense had not been set forth in Perego's answer to respondents' complaint and no amendment to the answer was offered.

The trial court found that the records disclosed *that title to the property had vested in the borrowers prior to the time of recordation of the deeds and awarded the respondents judg-*

*ment in foreclosure.* The property was thereafter sold, and the proceeds of the sale were credited to the judgment award. Upon application by respondents, the court awarded a judgment for the deficiency in the sum of $27,570.65 with interest from May 21, 1965. Perego filed an appeal from the deficiency judgment, which appeal was ordered dismissed as not timely filed. Perego then instituted the present action to set aside the judgment alleging that the court did not have jurisdiction to render a summary judgment in action No. 41076 because of the existence of a triable issue of fact, i.e., that the borrowers were not the owners of the property described in the deed of trust at the time of execution of that deed. The respondents' demurrer to appellant's complaint was sustained without leave to amend;[1] this judgment and appeal followed.

▉ An order sustaining a demurrer without leave to amend followed by a final judgment of dismissal of the action is a drastic step and ordinarily constitutes an abuse of discretion if there is a reasonable possibility that the defect can be cured by amendment. ▉ Such an order is reviewable on appeal. ▉ Where, however, as here, the facts are not in dispute, and the nature of the plaintiff's claim is clear but under the substance of the law no liability exists and, obviously, no amendment would change the result, the trial judge may properly sustain a demurrer without leave to amend. (See *Routh* v. *Quinn,* 20 Cal.2d 488, 493-494 [127 P.2d 1, 149 A.L.R. 215].)

. ▉ It is recognized that it is reversible error to grant a motion for summary judgment in the face of a triable issue of fact. (*Strauss* v. *Strauss,* 90 Cal.App.2d 757 [203 P.2d 857].) But here it was established that the appellant and the other signators to the deed of trust did have record title to the land as of the date of recordation, November 1, 1963. Therefore, the contention that the borrowers did not have title at the time of execution of the note and deed of trust was of no consequence and did not raise an issue that could affect the outcome of the proceedings.

▉ "Title acquired by the mortgagor subsequent to the execution of the mortgage, inures to the mortgagee as security for the debt in like manner as if acquired before the execu-

---

[1]After entry of judgment below, Ruth S. Perego filed yet another complaint in the Superior Court of Solano County raising precisely the same issue purportedly raised in these proceedings. Respondents demurred generally to that complaint and the demurrer was sustained. Judgment was thereafter entered in favor of respondents and notice of appeal was thereafter filed. This appeal, upon motion of respondents, was dismissed by the Court of Appeal.

tion.'' (Civ. Code, § 2930.) This code section is fully applicable to trust deeds (*Barberi* v. *Rothchild*, 7 Cal.2d 537 [61 P.2d 760]), and it is well settled that a trust deed creates a valid lien on real property to secure a debt for which it is executed, even though the trustor has no title to the property at the time of the execution of the instrument, provided he subsequently acquires title thereto during the life of the deed of trust. Title to real property acquired after it is mortgaged is deemed to be covered by the lien on the theory that the mortgagor is estopped from denying title under such circumstances. (*California Bank* v. *Bell*, 38 Cal.App.2d 533 [101 P.2d 724]; Civ. Code, § 2930; 17 Cal.Jur., § 142, p. 854; 58 A.L.R. 391, note; *Orr* v. *Stewart*, 67 Cal. 275 [7 P. 693]; *Schelling* v. *Thomas*, 96 Cal.App. 682, 688 [274 P. 755].)

The trial court in action No. 41076 had jurisdiction to entertain the motion for summary judgment under Code of Civil Procedure, section 437c. Any errors committed either in procedure or substantive law in granting or denying the motion were reviewable by appropriate motions before the trial court or by appeal. If the trial court committed error in not recognizing the triable issue contended for by the appellant (which it did not), such error would not be grounds for a collateral attack on the judgment or for direct attack by the jurisdictional writs of certiorari or prohibition. (See *Estate of Keet*, 15 Cal.2d 328, 335 [100 P.2d 1045]; *Estate of Kay*, 30 Cal.2d 215, 218 [181 P.2d 1]; *Howard* v. *Superior Court*, 25 Cal.2d 784, 788 [154 P.2d 849]; *Estate of Gardiner*, 45 Cal. App.2d 559, 563 [114 P.2d 643]; *Estrin* v. *Superior Court*, 14 Cal.2d 670, 675 [96 P.2d 340]; *In re Sargen*, 135 Cal.App. 402, 408 [27 P.2d 407]; *Fischer* v. *Superior Court*, 105 Cal. App. 466, 470 [287 P. 556]; 1 Witkin, Cal. Procedure (1954) pp. 380-412; *Eagle Oil & Ref. Co.* v. *Prentice*, 19 Cal.2d 553 [122 P.2d 264].)

Appellant's argument is essentially that intrinsic error in rendering a judgment makes the judgment void so that the judgment may be directly attacked in equity. Such is not the law. ''The final judgment of a court having jurisdiction over persons and subject matter can be attacked in equity after the time for appeal or other direct attack has expired only if the alleged fraud or mistake is extrinsic rather than intrinsic. [Citations.] Fraud or mistake is extrinsic when it deprives the unsuccessful party of an opportunity to present his case to the court. [Citations.] . . . A party who has been given proper notice of an action, however, and who

has not been prevented from full participation therein, has had an opportunity to present his case to the court and to protect himself from any fraud attempted by his adversary. [Citations.] Fraud perpetrated under such circumstances is intrinsic, even though the unsuccessful party does not avail himself of his opportunity to appear before the court. Having had an opportunity to protect his interest, he cannot attack the judgment once the time has elapsed for appeal or other direct attack. [Citations.]'' (*Westphal* v. *Westphal*, 20 Cal. 2d 393, 397 [126 P.2d 105]; see also *Kupfer* v. *Brawner*, 19 Cal.2d 562 [122 P.2d 268].)

■ After the judgment in action No. 41076 became final, it was res judicata as to future actions on the same subject. (See' 3 Witkin, Cal. Procedure (1954) Judgment, § 51, p. 1937; *Preston* v. *Wyoming Pac. Oil Co.*, 197 Cal.App.2d 517 [17 Cal.Rptr. 443].)

The trial court therefore properly sustained the demurrer to appellant's complaint without leave to amend.

■ Respondents have asked that sanctions be imposed against the appellant Perego contending that the appeal and prior proceedings were a sham and were instituted for purposes of delay.

Code of Civil Procedure, section 957 provides in part: ''. . . When it appears to the appellate court that the appeal was made for delay, it may add to the costs such damages as may be just.'' Rule 26(a) of the California Rules of Court provides in part: ''Where the appeal is frivolous or taken solely for the purpose of delay . . . , the reviewing court may impose upon offending attorneys or parties such penalties, including the withholding or imposing of costs, as the circumstances of the case and the discouragement of like conduct in the future may require.''

In *Seidell* v. *Tuxedo Land Co.*, 216 Cal. 165, 171 [13 P.2d 686], it was said of an appeal, ''It is entirely barren of merit and frivolous in the extreme. Appeals of this character should be discouraged, both in the interest of litigants directly interested in the particular case, and of those who have meritorious causes awaiting the consideration of the courts. . . . The only reasonable conclusion at which the court can arrive in determining an appeal which is so destitute of merit as is the present one, is that it was taken for delay merely, . . .'' (See also *Blackmore Inv. Co.* v. *Johnson*, 213 Cal. 148 [1 P.2d 978]; 3 Witkin, Cal. Procedure (1954) pp. 2355-2356; Witkin, Cal. Procedure, 1965 Supp., pp. 923-924.)

The remarks of the trial court in sustaining the demurrer without leave to amend are pertinent: "(1) The Summary Judgment in Action No. 41076 for the vacating of which this action has been instituted, is not shown in the complaint, despite the wealth of detailed allegations, to be void. The complaint argues that the Order for such judgment and the judgment itself were erroneous, but such error, if any, must be corrected by motion or appeal within the prescribed time. *Significantly, in all the precedents cited by plaintiff, there does not appear one case wherein claimed error of law by the court, in construing affidavits and ordering summary judgment, has been held to constitute a lack of or excess of jurisdiction such as to render the judgment impeachable by independent suit in equity.*" (Italics added.) We agree with this statement by the trial court and conclude that the appeal is entirely barren of merit.

In the instant case the nature of the issues raised by appellant, taken with the numerous lawsuits and motions, each pertaining to exactly the same question in spite of consistent adverse rulings, leads to the belief that this appellant's proceedings have not been instituted in good faith.[2] The purpose of this appeal clearly appears to be only to delay the satisfaction of respondents' deficiency judgment and to cloud title.

The judgment of the trial court is affirmed and additional costs in the sum of $500 are assessed against appellant payable to respondents on the ground that the appeal is frivolous and was taken for delay.

Draper, P. J., and Salsman, J., concurred.

---

[2]The record discloses the following proceedings: (1) Solano County action No. 41076, April 22, 1965, foreclosure—summary judgment in favor of plaintiff; (2) motion to set aside summary judgment—denied May 20, 1965; (3) motion for new trial denied after deficiency judgment awarded June 28, 1965; (4) appeal of deficiency judgment—dismissal as untimely October 20, 1965; (5) motion in equity to set aside judgment in action No. 41076—motion denied—this occurred within one week of dismissal of appeal; (6) Solano County action No. 43093, suit in equity to set aside judgment in Solano County, No. 41076—demurrer to complaint sustained without leave to amend—May 19, 1966; (7) appeal of decision in Solano County No. 43093—this appeal; (8) another independent suit in equity, Solano County, attacking judgment in Solano County action No. 41076—demurrer to complaint sustained without leave to amend; (9) appeal from judgment in last above suit—appeal dismissed (1 Civ. 24374) because appeal pending as to Solano County action No. 43093 raised identical issues.

With the exception of the foreclosure action in Solano County action No. 41076, appellant Perego was the moving party in all of the above listed proceedings.