In re **OAK CREEK ENERGY FARMS, LTD.** Debtor.

**ENERGREY ENTERPRISES, INC.,** Plaintiff,

v.

**OAK CREEK ENERGY SYSTEMS, INC.,** Dean Beckett, Steve Cummings, Oak Creek Energy Farms, Ltd., Defendant.

Bankruptcy No. 187–00644–A–11.
Adv. No. 187–0104.

United States Bankruptcy Court, E.D. California.

April 3, 1989.

---

| Statement Date | Billing | Daily Interest | Total Interest |
|---|---|---|---|
| 5/31/88 | $381.60 | $.10 × 273 days | $27.83 |
| 6/30/88 | $ 10.60 | $.003 × 243 ″ | $ .69 |
| 7/31/88 | $106.00 | $.03 × 212 ″ | $ 6.00 |
| 8/31/88 | $424.00 | $.11 × 181 ″ | $20.50 |
| 9/30/88 | $201.40 | $.05 × 151 ″ | $ 8.12 |

Philip A. Gasteier, and Michael D. Warner, Los Angeles, Cal., for plaintiff.

Leslie A. Cohen, Los Angeles, Cal., and David A. Neale, for Gary H. Goldstick, Trustee of Oak Creek Energy Farms, Ltd, debtor and of Oak Creek Energy Systems, Inc., debtor.

## MEMORANDUM OPINION

RICHARD T. FORD, Bankruptcy Judge.

## INTRODUCTION

ENERGREY ENTERPRISES, INC., Plaintiff, (hereinafter referred to as "EN-ERGREY") initiated its original action in State Court. After OAK CREEK ENERGY SYSTEMS, INC. (hereinafter referred to as "SYSTEMS") and OAK CREEK ENERGY FARMS, LTD. (hereinafter referred to as "FARMS") filed their Petition for protection under Chapter 11 of the Bankruptcy Code, ENERGREY removed its State Court action to the Bankruptcy Court. Phillip A. Gasteier and Michael D. Warner appeared as attorneys for ENER-GREY ENTERPRISES, INC.; Leslie A. Cohen and David A. Neale appeared as attorneys for the Trustee, Gary H. Goldstick. There was no appearance for DEAN BECKETT OR STEVE CUMMINGS, Defendants in this action. By agreement of counsel for ENERGREY and the Chapter 11 Trustee for SYSTEMS and FARMS, the first issue to be argued and decided by the Court involved only the after acquired property and the reacquired title doctrines as applied to this case. Arguments were made before the Court, commencing at 1:30 p.m. on March 29, 1989.

## FINDINGS OF FACT

1. OAK CREEK ENERGY FARMS, LTD. is a limited partnership composed of OAK CREEK ENERGY SYSTEMS, INC. as a general partner and DEAN BECKETT and STEVE CUMMINGS as limited partners.

2. OAK CREEK ENERGY SYSTEMS, INC. is a California corporation. The stock is owned by DEAN BECKETT and STEVE CUMMINGS.

3. For whatever reason, the above entities were formed, and assuming it to be a legal reason, they are two separate entities.

4. FARMS owned real property known as Oak Creek Farms. This real property is located in Tehachapi, California.

5. FARMS leased the subject real property to SYSTEMS.

6. ENERGREY contracted in writing with the Lessee of the real property, to wit: SYSTEMS, to build cement foundations for wind turbines.

7. ENERGREY performed their contract, and SYSTEMS was billed approximately $1,200,000. They paid approximately $720,000, leaving a balance of approximately $493,000 plus.

8. ENERGREY filed its notice claiming a Mechanic's Lien against SYSTEMS, filed their lawsuit to foreclose, filed an Amended Notice and Complaint to insert as a Defendant FARMS (the owner of the real property) and then the Mechanic's Lien foreclosure action was transferred from State Court to Bankruptcy Court. The effect of the above facts is somewhat in dispute, but it is not necessary to decide those issues at this time.

9. Both FARMS and SYSTEMS filed a Chapter 11 Petition in the above-entitled court on February 24, 1987, a date prior to the above action being transferred from State Court to Bankruptcy Court.

10. The real property owned by FARMS was subject to a Deed of Trust eventually acquired by the Nottingham Group. The real property was subject to other liens, Deeds of Trust and the alleged lien of ENERGREY. For purposes of this decision, it will be assumed that ENERGREY'S Mechanic's Lien against FARMS was perfected.

11. At an early date in the bankruptcy proceedings, the Nottingham Group filed its Motion/Complaint for relief from the automatic stay so they could foreclose on the real property. ENERGREY objected. The hearing was continued several times, but at a point the Nottingham Group and the Debtor-in-Possession, SYSTEMS, entered into a stipulation approving of the Court granting relief from stay. This action was consented to by the Creditors' Committee (turbine owners) and others and in contravention of the objection of ENERGREY. The Court then approved the stipulation. At this point in time, no Trustee had been appointed. SYSTEMS was acting as a Debtor-in-Possession pursuant to the Bankruptcy Code provisions that came about as a result of the filings on February 24, 1987.

12. At some point in time it was agreed (except by ENERGREY) that the Nottingham Group would foreclose pursuant to the Power of Sale provisions in its Deed of Trust on the real property, and then by a separate document lease the property to SYSTEMS, Debtor-in-Possession. The Lease also contained an option to purchase by the Debtor-in-Possession or its successor. The effect of the foreclosure, lease and option would be to cutoff the junior liens and mortgages, including ENERGREY'S.

13. The foreclosure was accomplished and the Lease became effective. No one appeared at the foreclosure sale to overbid the Nottingham Group's obligation although all parties, including ENERGREY, had prior notice of the foreclosure sale date and place.

14. Gary H. Goldstick was appointed Chapter 11 Trustee for FARMS and SYSTEMS on May 10, 1988.

## DISCUSSION

The issues before the Court are as follows:

The first issue before the Court as a result of an agreement between the Trustee and counsel for ENERGREY, and with the approval of the Court, assuming for the purposes of this argument, that the ENERGREY mechanic's lien attached both to the fee of FARMS and to the leasehold interest and option rights of SYSTEMS, is whether the acquisition of a leasehold interest by SYSTEMS, then Debtor-in-Possession and now under the control of a Chapter 11 Trustee, from the Nottingham Group, its lessor and foreclosure creditor, revived the Plaintiff's mechanic's lien which had previously attached (for purposes of this argument) to SYSTEMS' property (leasehold interest and option rights) and FARMS fee interest.

For whatever reasons, BECKETT and CUMMINGS established an entity known as OAK CREEK ENERGY FARMS, LTD. as a limited partnership. Title to a parcel of real property was transferred to the FARMS entity.

OAK CREEK ENERGY SYSTEMS, INC. was formed as a corporation. FARMS leased its real property to SYSTEMS to build and operate a wind farm. BECKETT and CUMMINGS had a right to establish their entities, and they did so, the same as ENERGREY or any other business or individual have a right to choose and operate as they decide is best for their purposes. The fact that the same people are involved does not make SYSTEMS and FARMS one entity. Both entities filed their Petition in Bankruptcy. A Trustee has been appointed in each individual case, and the cases have not been consolidated for any reason. It has been the announced intention of the Chapter 11 Trustee to convert FARMS to a Chapter 7. The only Disclosure Statement and Plan filed in this case by anyone has been filed in the SYSTEMS case.

The purpose of a foreclosure is to allow a sale of real property to whoever wants to buy it. The sale is and was noticed as to

the time of sale and place of sale and was initiated by a lien holder, or mortgage holder, who had not been paid. The usual procedure is for the foreclosing party to bid the amount owed to them, and if there are no other bidders, the foreclosing trustee deeds the property to the successful bidder. This refers to a "Power of Sale" only and not to a judicial foreclosure. If at the sale there are other bidders, then the senior liens, up to the bidder's class, get paid off. This procedure is the same whether the foreclosing creditor is owed a small amount of money or a large amount of money. The amounts owed have nothing directly to do with the procedure of the sale. It is limited by those parties who realistically want to bid or have the money to bid, or a combination thereof.

When Plaintiff's counsel was asked why his client did not bid in at the foreclosure sale, which they knew for several months was a possibility, it was stated that they shouldn't have to come up with a lot of money for that sale. It seems to the Court that even if they perfected their lien, asked for and conducted their own foreclosure sale, they would still have to pay off, one way or another, the obligation owing to the Nottingham Group. I don't think it is reasonable for ENERGREY to assume that someone behind them in priorities would bid and relieve them from having funds available for the Nottingham Group.

In this case, neither ENERGREY nor any other lien holder or mortgagee *chose* to bid and acquire title to the property.

ENERGREY argues that this whole procedure was done to eliminate junior Deeds of Trust and liens on the subject property. This appears to be the fact. There is no case on point, nor are there any statutes specifically covering the issue now before this Court.

ENERGREY argues that the cases cited in their briefs, to wit: *Dowd v. Glenn*, 54 Cal.App.2d 748, 129 P.2d 964 (1942); *Warner v. Sariotti*, 56 Cal.App.2d 693, 133 P.2d 430 (1943); *Barberi v. Rothschild*, 7 Cal.2d 537, 61 P.2d 760 (1936), and *Noronha v. Stewart*, 199 Cal.App.3d 485, 245 Cal.Rptr. 94 (1988), stand for the proposition (in Cali-

fornia) that an entity who forecloses and then reacquires title, with the primary reason for foreclosure being to eliminate junior liens on an equitable or estoppel theory have their liens reattached to the property. The *Dowd, Warner,* and *Barberi* (cited supra) refer only to consensual lien cases occurring prior to 1943. They did not involve mechanic's lien or non-consensual lien cases. The *Noronha* case (cited supra) refers to California Civil Code Section 1106 which states that the doctrine of after-acquired property is limited to grants of fee simple. The Court stated that irrespective of C.C. 1106, the Common Law Rule, which is much broader, survived the enactment of C.C. 1106. The Common Law Rule is based on the doctrine of estoppel, that is, the grantor leads the grantee to believe that a certain estate or title is being conveyed. This case does not appear to be on point with the case at hand.

Counsel for the Trustee points out that in 1982 the California Legislature passed Code of Civil Procedure Section 729.080(e). This section applies only to redemption cases, and the case at bar is not such a case. C.C.P. section 729.080(e) provides that non-consensual liens, such as judgment liens extinguishes upon judicial foreclosure and do not reattach to the property if reacquired by the Debtor. ENERGREY argues that if the Legislature wanted that proposition to apply to the type of case at bar, they could have written the law in that manner. It appears to be common knowledge, and contrary to counsel's supposition of what the Legislature may have wanted or not wanted to do, that they act in different ways and at best, their actions are not predictable. Section 3511 of the California Civil Code relating to "maxims of juris prudence" states "Where the reason is the same, the rule should be the same". This maxim seems to apply in this case.

ENERGREY argues that the same entity is involved both before foreclosure and after. The facts show that FARMS owned the land and leased it to SYSTEMS before bankruptcy. Both entities filed for protection under Chapter 11 on February 24, 1987. The Debtor-in-Possession became ef-

40

fective, as a result of the filings, on February 24, 1987. See 11 U.S.C. Section 1107 and 11 U.S.C. Section 1108. The Debtor-in-Possession's (or trustee's) duties are described in Section 1107 and are also conveyed by Chapters 1, 3, 5 and 11 and by the Bankruptcy Rules, Local Rules, Rules of Federal Civil Procedure and others. None of these duties, rules or provisions applied to the pre-Debtor-in-Possession entities. Specifically, Section 541 of the Code states that the real property of a Debtor filing Chapter 11 or any other chapter is the property of the "estate", a new entity. It is no longer the property of FARMS or SYSTEMS.

On May 10, 1988, a trustee was appointed in the FARMS case and in the SYSTEMS case. This act once again changed the structure and management of the entity of FARMS, a limited partnership, and SYSTEMS, a corporation. On June 10, 1988, the Nottingham Group took title to the subject real property as a result of a properly conducted foreclosure sale which occurred after receiving relief from stay by the Court on November 19, 1987.

The lease between the Nottingham Group as Lessor and SYSTEMS as Lessee, took effect on June 10, 1988, a time when the Chapter 11 Trustee was in place. The Lease had been prepared and entered into on February 19, 1988, a date on which the Debtor-in-Possession was in place.

It is clear to the Court that the parties entering into the lease in February, 1988, are not the same parties who owned the property prior to bankruptcy or who leased the property before bankruptcy.

ENERGREY had the burden of proof and must by a preponderance of evidence prove its case. That is, ENERGREY has the duty to convince this Court that somehow their lien (assuming a valid lien for the purpose of this issue) reattached to the land after foreclosure. They relied primarily on an equitable theory and an estoppel theory. ENERGREY says they were "induced" to make improvements to the property at a time when FARMS owned the property. They say they were entitled to rely on their ability to obtain a mechanic's

lien on the interest of FARMS and SYSTEMS. Even assuming these facts, it is obvious there has been a major change in circumstances from the time that the so-called inducement, or reliance occurred, which was brought about by either inside or outside influence, most not within the control of FARMS or SYSTEMS. The party who made the so-called promises on which Plaintiff relied are no longer in the picture.

Because of the reasons stated above, and because ENERGREY has not made a showing convincing enough to justify this Court writing "new California State law" and then applying it to the Federal Court, the Trustee should and does prevail.

## CONCLUSIONS OF LAW

1. There are no cases or California statutes, upon which this Court can rely, which stand for the proposition that where a mechanic's lien (an involuntary lien and non-consensual) is wiped out at a foreclosure sale of real property, it reattaches after foreclosure to the real property if the parties before foreclosure and the parties after foreclosure are the same, or substantially the same, parties. In other words, it is the Court's view that the doctrines of "re-acquired title" and "after acquired property" do not apply to involuntary lien cases in California, and thus do not apply to this case.

2. Plaintiff cannot prevail in this case based upon an estoppel theory for the reason that the parties now involved (Nottingham Group, the foreclosure creditor; SYSTEMS, the Lessee, now in Chapter 11 proceeding with a Trustee) are not the same parties that Plaintiff alleges induced Plaintiff to enter into a contract, perform services and who paid Plaintiff in part. The law allowed Plaintiff to perfect its lien, to ask for the right to determine the validity of its lien in Bankruptcy Court, the right to foreclose if said relief from stay was granted, and the right to bid in at a senior creditor's foreclosure sale.

3. Plaintiff has failed to prove any equitable theory on which the Court can find

for Plaintiff. The equities appear to be substantially in favor of the estate.

## JUDGMENT

Based upon the accompanying Findings of Fact and Conclusions of law, and the Court being fully advised in the premises, it now makes the following judgment pursuant to Federal Rules of Civil Procedure Section 52 and Bankruptcy Rules 7052.

1. Defendant, GARY H. GOLDSTICK, Chapter 11 Trustee, shall have judgment in its favor and against ENERGREY ENTERPRISES, INC., Plaintiff, in that ENERGREY'S alleged mechanic's lien did not reattach to the real property located in Tehachapi, County of Kern, State of California, generally known as "FARMS property" after foreclosure by the Nottingham Group and their leasing said property to OAK CREEK ENERGY SYSTEMS, INC., Debtor-in-Possession, said Debtor having been succeeded by GARY H. GOLDSTICK, Chapter 11 Trustee.

2. All other issues raised by Plaintiff in its Complaint are reserved for further hearing, if requested.